VENETA VIOLA GREEN, BY HER NEXT FRIEND, D C. HAMP-
TON, *Appellant,* v. A. C. GREEN, *Appellee.*

## Opinion Filed January 27, 1919.

1. At common law the age at which persons were deemed com-
petent to contract a valid marriage was fourteen years for
the man and twelve years for the woman. And in the ab-
sence of Statute this rule is adopted as a part of the com-
mon law of this country.

2. Marriages by consent *per verba de praesenti* do not require
consummation.

3. A bill of complaint brought to annul a marriage entered in-
to by a girl of fourteen years of age is subject to a demur-
rer when it alleges merely that she "knew nothing of the
heavy responsibilities incidental to the marital status" and
that she was "young, inexperienced, unlearned and was per-
suaded and induced to enter into said marriage by said de-
fendant without reflection or consideration on her part."

4. Where the allegations of a bill of complaint are insufficient
for an annulment of the marriage, it is not error to strike
an improper part of the bill and to dismiss the bill of com-
plaint without prejudice.

Appeal from Circuit Court for Columbia County; M.
F. Horne, Judge.

Decree affirmed.

*Cone* & *Chapman,* for Appellant;

*J. B. Hodges,* for Appellee.

WHITFIELD, J.—A bill in equity brought by appellant alleges in effect that she was then about fourteen years of age; that "defendant, A. C. Green, is a man of middle age of about thirty-five years of age, and that he has no home, no property, no trade, profession or source of income except the revenue derived from his work as a common laborer, and that he resides with his said father in Columbia County, Florida, that he now has a living divorced wife and not the best of habits, especially is this true as to industry and energy;" that "in a spirit of girlish interest a friendly correspondence and association followed until the defendant herein made repeated proposals of marriage, which by your oratrix were considered without serious intention. That your oratrix because of her tender years and lack of experience and mental development knew nothing of the heavy rsponsibilities incident to the matrimonial status;" that after persuasion and begging by A. C. Green she consented to marriage and was married to him; that defendant falsely represented to the magistrate that she was sixteen years of age and that there were no parental objections or impediments to the marriage; "that immediately and subsequent to said intermarriage she told the defendant of the impossibility of a cohabitation with him as his said wife, and that soon after said intermarriage was the first and only time she appreciated the solemnity of the ceremony and the responsibility of the intermarriage, that she then and there refused to celebrate said marriage or in any manner discharge the duties as the wife of the said defendant, that within the next two or three days she left the defendant, returning to her parents and has never lived or considered herself the wife of the said defendant, that there has

not been a cohabitation, consummation or a celebration of said marriage between the parties to this suit and immediately upon mature reflection the entire marriage contract has by your oratrix been repudiated, that she is young, inexperienced, unlearned and was persuaded and induced to enter into said marriage by said defendant without reflection or consideration on her part." It is prayed that the marriage be decreed to be void. The court struck out on exceptions the portion of the bill first above quoted; and on sustaining a general demurrer dismissed the bill without prejudice. Complainant appealed.

"At common law age at which persons were deemed competent to contract a valid marriage was fourteen years for the man and twelve years for the woman, these periods having been adopted because at such an age the parties were deemed to have attained puberty, with capacity to consent on the part of females and to commit rape on the part of the males. And in the absence of statute this rule is adopted as a part of the common law of this country." 9 R. C. L., p. 272; Schouler Dom. Rel. (8 Ed.), Sec. 20: "Marriages by consent *per verba de praesenti* do not require consummation." Schouler Dom. Rel., Sec. 26; the complainant was about fourteen years of age at the marriage and mental incompetency is not sufficiently alleged. No duress is alleged. Allegations that complainant "knew nothing of the heavy responsibilities incident to the marital status" and that she was "young, inexperienced, unlearned and was persuaded and induced to enter into said marriage by said defendant without reflection or consideration on her part" do not show mental incapacity to enter into a marriage contract. No mental infirmity is alleged.

There is no basis in the allegations of the bill of complaint for an annulment of the marriage on the ground of fraud, duress, mental or physical incapacity or other legal cause, and no error appears in striking the first quoted portion of the bill or in sustaining the general demurrer and dismissing without prejudice the bill of complaint.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.