SARAH BINDER WORMAN v. SAMUEL WORMAN.

152 So. 435.

Division A.

*A. P. Carnot,* for Appellant;

*Joseph M. Glickstein,* for Appellee.

TERRELL, J.—This appeal is from an order of the Circuit Court of Duval County denying an application for temporary alimony and suit money incident to suit to annul the marriage of appellant to appellee. The application was made under Section 3194, Revised General Statutes of 1920, Section 4986, Compiled General Laws of 1927.

The record discloses that appellee was married to one, Rose Worman in Poland, Russia, in 1912, he immigrated to this country and lost trace or connection with ·his said wife, whom he was later advised was dead. In 1917, after being convinced that Rose Worman was dead, he was lawfully married to the appellant, Sarah Binder Worman, in Philadelphia, Pennsylvania. Several years after his marriage to the latter the appellee learned that his former

wife was still living in Russia. When he verified this information he sent for his former wife and renewed his marital relation with her, consequently deserting the appellant. The appellant in 1928 brought a suit in the Supreme Court of the State of New York and secured a decree annulling her marriage with the appellee and decreeing her the custody of her child, Benjamin Worman, which was the product of her marriage with the appellee.

The parties hereto later took up their residence in Jacksonville, Florida, where the instant suit was recently brought for the same purpose as the one already mentioned but litigated in the Supreme Court of New York. The court below denied the application of appellant for temporary alimony and suit money made as an incident to the last named suit. This appeal is taken from that decree and the application renewed in this Court.

From the state of the record as thus disclosed it appears that the marital relation formerly contracted between the appellant and the appellee was annulled by the Supreme Court of the State of New York, that the said decree has become final and is *res adjudicata* as to the parties and subject matter and cannot be relitigated again in this State. There is consequently no basis for the petition which is hereby denied and the judgment of the court below is affirmed. The question of the support of Benjamin Worman is not involved in this case.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.

BROWN, J., not participating because of illness.

DAVIS, C. J. (concurring).—I concur in the decision made in this case with the following explanation of my reason for so doing.

Our statutes make bigamy (whether innocently committed or not) a ground for *divorce*. See Par. 9, Section 4983 C. G. L., 3191 R. G. S. This is an express recognition by our statutes of the now generally followed modern rule that if a marriage is contracted by a woman during the existence of a prior undissolved marriage of the man, and is celebrated with all the formalities of law, and in good faith on the part of the woman, it (though bigamous) imposes upon her all the obligations and invests her with all the rights of a lawful wife so long as she continues the marital cohabitation in good faith and in ignorance of any annulling impediment on the part of the husband. This was the old Spanish law on the subject (Smith v. Smith, 1 Texas 621, 46 Am. Dec. 121 and note) and paragraph 9 of Section 4983 C. G. L., *supra,* in making a prior undissolved mariage one of the statutory causes for *divorce,* expressly recognizes that even a bigamous marriage has certain attributes of legality which operate to protect acts done under it from the odium of immorality and nullity, which if allowed to attach, might bastardize children and stigmatize the innocent for acts done under a formal marriage which may have been entered into with all the required formalities of law by one or both of the parties in utter ignorance of the existence of an annulling impediment on the part of one of them.

In this case the appellant and appellee both contracted their marriage in the *bona fide* belief that the first wife was dead. Were it not for the New York annullment decree, I think the second wife would have a right to divorce under par. 9 of Section 4983 C. G. L., *supra,* attended by all the rights and benefits that go to a wife under a valid marriage. Certainly the child, Benjamin Worman, born within the wedlock of the second marriage, should

not be regarded as illegitimate on account of any now obsolete notion that his mother's marriage was void *ab initio,* because of the actual existence of a first wife whose death was believed in by both parties with every good reason to support such belief at the time the second marriage was entered into.

But the New York court annullment proceeding having destroyed the second marriage for all purposes, makes par. 9 of Section 4983 C. G. L., *supra,* inapplicable.

## ON PETITION FOR REHEARING.

TERRELL, J.—The appeal herein is from an order of the Circuit Court denying an application for temporary alimony and suit money in a suit for divorce by appellant against appellee.

In an opinion filed December 9, 1933, we held in effect that the marital relation once existing between the parties hereto had been annulled by the Supreme Court of the State of New York and that such annullment had become final and was *res adjudicata* as to the parties and the subject matter herein.

On Petition for Rehearing our attention is directed to the fact that said annullment proceedings in the Supreme Court of the State of New York was discontinued, vacated, and set aside, and that the parties thereto were restored to their marital status.

On rehearing a majority of the Court have reached the conclusion that this question should not be foreclosed against appellant on this collateral attack without opportunity to litigate that question on the merits. We express no opinion as to any other question that may be presented from the record.

The judgment below is therefore affirmed on rehearing without prejudice to the parties or either of them to litigate

on the merits the question of the effect of the discontinuance and vacation of the annullment proceedings in the Supreme Court of New York on the marital status of the parties to this cause.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.