MAY R. THERRY v. GERALD EDWARD THERRY.

158 So. 120.

Division B.

Opinion Filed October 22, 1934.

Petition for Rehearing Denied November 14, 1934.

*Rogers, Hazard & Thames,* for Appellant;

*John E. Teate,* for Appellee.

PER CURIAM.—May R. Therry brought a bill which was amended praying for divorce and alimony against Gerald Edward Therry upon allegations of extreme cruelty and habitual indulgence in violent and ungovernable temper towards complainant. Defendant filed answer and cross bill denying the allegations against him, alleging similar charges against complainant and alleging that when he was married to complainant she was the legal wife of Claude C. Gardner, the prayer of the cross bill being for an annulment of the marriage and a dismissal of the bill of complaint. Testimony was taken before a special master. Exceptions to his report were filed and considered by the court.

The final decree appealed from dismissed the bill of complaint, annulled the marriage on the ground that the cross defendant "had a living undivorced husband," denied permanent alimony and denied additional fees to complainant's attorney to whom *pendente lite* fees had been awarded.

The complainant testified that before her marriage to defendant she had been married to and lived with Claude C. Gardner as husband and wife, there being a living child of such marriage, and that such marriage had not been dissolved or annulled. Claude C. Gardner likewise testified to the same facts. There was no contradiction.

There is ample evidence to sustain the decree annulling the marriage of complainant with defendant, and there having been no legal marriage between them, permanent alimony was properly denied complainant. Solicitors' fees had been awarded complainant's counsel during the litigation in the trial court and in this court; and it was not error to deny further fees to be paid by the defendant cross-complainant.

The record has been carefully considered and no material errors being made to appear the decree is affirmed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.

ON PETITION FOR REHEARING.

PER CURIAM.—A petition for rehearing has been filed herein.

Mrs. Therry, the complainant in the suit for a divorce from Mr. Therry, testified:

"Q. How many times were you married before you married Mr. Therry? A. Twice. Q. Who was the first man you married, and when? A. I married Claude C. Gardner. Q. When? A. In January, 1914. Q. Did you

ever get a divorce from Claude C. Gardner? A. No, I applied for one. Q. Where? A. In Jacksonville. Really, I didn't exactly apply. I went to see Frank Wales, an attorney here. Q. But you never did apply for a divorce? A. No. Q. Now, Mrs. Therry, you admit that you never did get a divorce from Claude Gardner, don't you? A. Yes sir. Q. All right; then you didn't ever get a divorce from Claude C. Gardner. A. No, I didn't. Q. When did you and he separate? A. I suppose it was about 1916, as well as I remember. Q. Where? A. In Jacksonville, Florida. * * * Q. Were you at one time married to Claude Gardner? A. Yes sir. Q. How long did you live with him? A. I was married to him in 1914, and separated the latter part of 1915. Q. Was that here in Jacksonville? A. Yes sir. * * * Q. Was the child born of the marriage of you and Gardner? A. Yes sir."

Claude C. Gardner testified:

"Q. Do you know Mrs. May R. Therry, that lady over there? A. Yes sir. Q. Were you ever married to her? A. Yes sir. Q. When were you married to May R. Therry? A. I don't remember the exact date, sir, in 1914. Q. How long did you live with the lady? A. Until the latter part of 1915. * * * Q. Did you at any time ever procure a divorce from her? A. No sir. Q. Did you ever at any time file a bill for divorce from her? A. No sir. Q. Did you ever at any time file a bill for an annulment of your marriage with her? A. No sir. * * * Q. Did you and she have any children? A. One. Q. Girl or boy? A. Girl. Q. What's her name. A. Frances. Q. Where is she now? A. With me. Q. In Columbia (S. C.)? A. Yes sir. * * * Q. And you say you never did file a bill in court for a divorce? A. No sir. Q. Never brought a suit—any kind of suit in a court against her for dissolution of marriage relationships? Is that right, sir? A. That's right, sir."

There is testimony that Gardner was nineteen and complainant sixteen years of age when they were married in 1914. See Green v. Green, 77 Fla. 101, 80 So. 739.

Mrs. Therry testified that she married Gardner in 1914 and separated from him in 1915, and that she did not get a divorce from him and did not apply for such a divorce; and she admitted that she "never did get a divorce from Claude Gardner," though she did not in words testify that her marriage to Gardner "had not been dissolved or annulled." Gardner testified that he had never filed a bill for divorce or for an annulment of his marriage to the complainant. The court decreed in accordance with the testimony, which in this case without reference to presumptions justified a finding that there had been at least a valid common law marriage in Florida between complainant and Claude G. Gardner followed by the birth of a child in wedlock, before she married Gerald Edward Therry; and that such marriage had not been dissolved or annulled, Gardner being still living.

The court rendered the following:

"FINAL DECREE

"This cause coming on to be finally heard upon the record and the court having heard the argument of counsel and said cause having been duly submitted, after a careful consideration of the record and of the argument of counsel, it appearing to the Court that the Court has jurisdiction of the parties hereto and of the subject matter, and that the equities are with the defendant-cross-plaintiff, Gerald Edward Therry and against the plaintiff-cross-defendant, May R. Therry, it is, thereupon ordered, adjudged and decreed that the report of the Special Master heretofore filed herein on the 19th day of September, A. D. 1933, where inconsis-

tent with this decree, is affirmed and where inconsistent therewith is disapproved; that the several exceptions of the several parties where consistent with this decree, be, and they are, hereby sustained, and where inconsistent therewith, be, and they are, hereby overruled; that the bill of complaint of the plaintiff-cross-defendant, May R. Therry, be, and the same is hereby dismissed.

"It is further ordered, adjudged and decreed that the Special Master's report heretofore filed herein, be, and the same is hereby disapproved as to the finding that the plaintiff-cross-defendant, fraudulently deceived the defendant-cross-plaintiff into the marriage sought to be annulled, but the Court finds from the evidence adduced that the plaintiff-cross-defendant at the time of her alleged marriage to the defendant-cross-plaintiff had a living undivorced husband, to whom she was validly married and, as the result thereof, a child now living was born.

"It is thereupon ordered, adjudged and decreed that the said pretended marriage between the parties hereto, be, and the same is hereby annulled and the same is void and of no effect.

"It is further ordered, adjudged and decreed that the report of the Special Master heretofore filed herein as to permanent alimony be and the same is hereby approved and affirmed.

"It is further ordered, adjudged and decreed that the report of the Special Master heretofore filed herein as to additional fees for services for the solicitors for the plaintiff-cross-defendant, be, and the same is hereby disapproved and disaffirmed, it appearing from the record herein that there never was any legal marriage between the parties hereto.

"Done and ordered in Chambers, this 4th day of January, A. D. 1934.

"GEORGE COUPER GIBBS,
*"Judge."*

The marriage of Claude C. Gardner to another after his marriage with the complainant herein is not involved in this suit.

Rehearing denied.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.