SARAH BINDER WORMAN v. SAMUEL WORMAN.

159 So. 677.
Division B.
Opinion Filed February 23, 1935.
Rehearing Denied March 16, 1935.

*A. P. Carnot,* for Appellant;

*Joseph M. Glickstein,* for Appellee.

TERRELL, J.—This is the second appearance of this case here. See Worman v. Worman, 113 Fla. 233, 152 So. 435, where a detailed statement of the facts out of which it grew will be found.

The present appeal is from a final decree granting the complainant a divorce, but denying her any relief for ali-

mony, suit money, or counsel fees. Was such a denial erroneous, is the question we are called on to answer.

It appears that the defendant, Samuel Worman, married one, Rose Worman, in Poland, Russia, in 1912. He later immigrated to this country and lost trace or connection with his wife. On being assured that she had died, in 1917 he married the complainant, Sarah Binder Worman, in Philadelphia. Several years after his second marriage the defendant learned that his first wife, Rose Worman, was still living in Russia. He verified this information, sent for her, and renewed the marital relation with her.

At the time defendant renewed the marital state with Rose Worman he separated from Sarah Binder Worman and made a satisfactory settlement with her for the support of their child which was the product of said marriage and for alimony. Some years later an additional amount was paid to the complainant and the monthly payments made to her for the support of their child was increased. It was definitely understood between them that such payments should be in lieu of alimony, suit money, and counsel's fees, such understanding being reduced to writing under seal.

For all the record discloses the defendant has lived up to his contract with the complainant and has up to the present continued to contribute regularly to the support of his minor child the amounts agreed to and more, which amounts have been accepted by complainant.

It appears that the agreement between complainant and defendant was fairly entered into, there is no suggestion of fraud or overreaching on the part of either. Both parties appear to have been satisfied with it at the time and the complainant accepted payments under it for nine years or more.

In this situation we express no opinion as to the contract or the validity of the second marriage. Whether the contract was good or bad in law the complainant cannot accept its provisions in her behalf for more than nine years and then be heard by this Court to complain of its provisions.

On the showing made here the complainant is estopped to set up any claim against the defendant, so the judgment below is affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.