**MABLE TODD v. T. R. TODD**

9 So. (2nd) 279                                    Division A
July 14, 1942

O. E. Williams, for petitioner.

Paul Lake, for respondent.

ADAMS, J.:

This case is before us on petition for certiorari under Rule 34 of this Court.

The chancellor denied temporary alimony and counsel fees because the plaintiff's bill was based upon ground 9 of Section 4983, C.G.L., i.e.: "That either party had a husband or wife living at the time of the marriage sought to be annulled."

The bill shows that defendant, while a married man, contracted a marriage with plaintiff; that there was a child by the latter marriage; plaintiff then learned for the first time of defendant's former marriage.

The Legislature has full power to deal with the civil status of marriage. Such power may be exercised to require the party guilty of offending the marital status to pay the cost of rectifying his wrong. The Legislature has provided for temporary alimony and suit money to be granted, Section 4986, C.G.L. This statute applies to all grounds for divorce. There appears another equity in this bill, namely, support of the child. Even though the child be declared an illegitimate, the father is not relieved of the obligation to support it. Inasmuch as equity acquired jurisdiction to annul the marriage it may also retain jurisdiction to protect the offspring of the marriage. Inas-

much as the Legislature made paragraph nine a ground for divorce it expressly recognized that the ceremony possessed some requisites of a marital status. And too, we know of no constitutional restrictions to prevent the Legislature from placing the financial burden on the one who creates the unfortunate situation even though there be no marriage in law. He, who may be guilty, is in poor grace to confess his wrongdoing and say a court of equity is powerless to require him to bear the burden of restoring the former status. This question was touched upon in Worman v. Worman, 113 Fla. 233, 152 So. 435; and the same case in 118 Fla. 471, 159 So. 677.

The order we are reviewing here is in relation to temporary relief and beyond that we make no expression. It is the order that certiorari issue and the challenged order is quashed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.