97 So.2d 470 (1957)
Ollie B. YOUNG, Appellant,
v.
John L. YOUNG, Appellee.
Supreme Court of Florida.
July 10, 1957.
Rehearing Denied September 23, 1957.
J. Stockton Bryan, Jr., West Palm Beach, for appellant.
Caldwell, Pacetti, Robinson & Foster, West Palm Beach, for appellee.
THORNAL, Justice.
Appellant, Ollie B. Young, who was plaintiff below, seeks reversal of that portion of a final decree denying to her an attorney's fee in a divorce proceeding.
*471 The sole point is whether a putative husband, who defends against a divorce complaint by alleging that he is a party to an existing prior marriage, is liable for fees for his wife's attorney in a divorce proceeding instituted by her.
Alleging that she and the defendant, John L. Young, were married in 1952, the appellant, Ollie B. Young, filed her complaint for divorce on the grounds of extreme cruelty and adultery. Pursuant to her petition therefor she was awarded temporary weekly alimony and also pendente lite attorney's fees in the amount of $50. The appellee husband answered denying the charges. Subsequently he was permitted to file a counterclaim seeking divorce on the ground of extreme cruelty. Months later he was again permitted to amend his counterclaim alleging the existence of a prior living spouse. Upon the taking of proofs the Chancellor entered a final decree annulling the marriage between the parties to this cause and further providing "There being no marriage, no basis exists for the allowance of permanent alimony or an additional attorney's fee." The appellant seeks reversal of that portion of the final decree which denied to her an award of fees for her attorney for services rendered to the date of the final decree.
Appellant contends that when a marriage is annulled on the counterclaim of a husband on the ground that he has another living prior spouse in a divorce action brought by an innocent wife, upon proof of necessity of the wife and ability of the husband, the wife is entitled to an award of counsel fees for services rendered to the date of the final decree.
The appellee husband contends that inasmuch as the putative marriage was void ab initio there is no basis for an award of counsel fees to the wife.
We have several times held that even though a marriage is void in its inception it is to the best interests and good order of society that the invalidity of the marriage be adjudicated by a court of competent jurisdiction. Kuehmsted v. Turnwall, 103 Fla. 1180, 138 So. 775; Jones v. Jones, 119 Fla. 824, 161 So. 836, 104 A.L.R. 1.
This is obviously the legislative justification for including among the grounds for divorce in this state "That either party had a husband or wife living at the time of the marriage sought to be annulled." Section 65.04(9), Florida Statutes, F.S.A. In stipulating the bases on which a divorce decree may be granted the Legislature has therefore expressly recognized the propriety of a judicial proceeding to dissolve the apparent bonds of matrimony uniting a man and a woman under circumstances where one or the other is legally married to a third party. Section 65.08, Florida Statutes, F.S.A., provides in part that "In every decree of divorce in a suit by the wife, the court shall make such orders touching the maintenance, alimony and suit money of the wife, or any allowance to be made to her, * * * as from the circumstances of the parties and nature of the case may be fit, equitable and just; * * *." By reading Sections 65.04 and 65.08, Florida Statutes, F.S.A., in pari materia it becomes perfectly clear that the Legislature has recognized the existence of a prior living spouse as ground for a divorce decree and that in any such divorce proceeding the court shall make such orders with reference to allowances for the wife as fit the circumstances of the parties and the nature of the case.
In Todd v. Todd, 151 Fla. 134, 9 So.2d 279, a woman brought a complaint against her putative husband on the ground that he was married to a prior living spouse. The Chancellor denied temporary alimony and counsel fees. On certiorari the order of denial was quashed on the ground, among others, that Section 65.07, Florida Statutes, F.S.A., applicable to temporary alimony and suit money, applies to all of the grounds for divorce specified by Section 65.04, Florida Statutes, F.S.A. We see no reason to distinguish the obligation of *472 the husband for attorney's fees and suit money under Section 65.08, Florida Statutes, F.S.A.
We have on other occasions held that under various factual situations that have developed in divorce proceedings, a court of chancery, independently of statute and as an incident to chancery jurisdiction, has the power to make and enter appropriate orders allowing counsel fees to the wife. Prine v. Prine, 36 Fla. 676, 18 So. 781, 34 L.R.A. 87; Ball v. Ball, 160 Fla. 601, 36 So.2d 172; Courtney v. Courtney, 108 Fla. 276, 146 So. 229.
The appellee relies on Therry v. Therry, 117 Fla. 453, 158 So. 120. This case appears to us to be clearly distinguishable from the matter before us. In the Therry case the wife sued for divorce on several grounds. A husband counterclaimed on the ground that the wife had a prior living spouse. The Chancellor by the final decree denied counsel fees to the wife stating that it appeared from the record that there was never a legal marriage. However, it will be noted from the opinion of this Court that counsel fees had been awarded to the wife during the litigation and additional counsel fees were allowed to her for services rendered by her attorneys in the Supreme Court. This Court held that it was not error to deny further fees to be paid by the husband cross-complainant. Actually instead of being authority for the position of the appellee, Therry v. Therry, supra, in substantial measure supports the position of the appellant inasmuch as fees for the services of counsel for the wife, who had committed the wrong, were allowed to her on appeal obviously subsequent to the final decree.
We therefore hold that in a divorce action by an innocent wife when she is met by a counterclaim of her putative husband announcing the invalidity of the "marriage" because of the existence of a prior living spouse, the wife is entitled to recover reasonable attorney's fees for the services of her attorney to the date of the final decree. This rule assumes of course the presence of other elements such as the necessities of the wife and the husband's ability to pay. Under such circumstances the innocent "wife" should not be required to bear this financial burden. Any other rule would ignore the traditional concept of equity that a man should not be permitted to profit or benefit by his own wrong.
The decree under assault denying to the appellant recovery of fees for her attorney for services rendered to the entry of the final decree is therefore reversed and the cause is remanded for further consideration by the Chancellor on the basis of the showing made as to the necessities of the appellant, the abilities of the appellee, and the reasonableness of the fee to be allowed.
Reversed and remanded for further proceedings consistent herewith.
TERRELL, C.J., and THOMAS, ROBERTS and O'CONNELL, JJ., concur.