### BURGER v. BURGER.

No. 62-C-489.

Circuit Court, Dade County.

October 23, 1962.

Harold Shapiro, Miami Beach, and David W. Walters, Miami, for plaintiff.

Benjamin I. Shulman, Miami Beach, for defendant.

IRVING CYPEN, Circuit Judge.

Plaintiff wife and defendant husband married in March of 1954. They lived together as man and wife in Chile for awhile. Then plaintiff, with defendant's consent, moved to Miami, Florida. Defendant continued to reside in Chile but regularly visited plaintiff in the United States. Plaintiff and defendant spawned four children during their marriage — Craig John, age 1; Kenneth, age 2; Carol, age 5; and Karina, age 7. Defendant without the consent of plaintiff removed the oldest two children to Chile where they live now.

Both plaintiff and defendant had been married prior to contracting this marriage. Both attempted to divorce their former spouses before contracting this marriage, but the attempt of each failed due to lack of authority in the magistrate who purported to grant a divorce decree to each.

Plaintiff seeks this divorce under F.S. §65.04(9) which provides in pertinent part that — "No divorce shall be granted unless one of the following facts shall appear . . . . (9) That either party had a husband or wife living at the time of the marriage sought to be annulled."

Defendant admits the existence of the ground but contends that the court has no power other than to declare the marriage void ab initio, and that the court has no power to award suit money, temporary and permanent alimony, attorney's fees and custody of the children.

Since Young v. Young, 97 So.2d 470, no doubt has existed of the power of this court to order alimony, etc., under §65.08, Florida Statutes, where the court dissolves the marriage because of a pre-existing marriage of the husband. Although Therry v.

Therry, 158 So.120, indicates that it may be otherwise where the wife has another living spouse at the time of the marriage, Young undermines this portion of the Therry holding. In any event, the Therry case does not prohibit the granting of alimony, etc., by the court here where plaintiff wife is an innocent person who made no secret of her prior marriage and attempted to dissolve it by the same means and through the same agency as defendant husband employed in his attempt to dissolve his prior marriage.

Defendant husband also contends that this court has no jurisdiction over custody of the two children whom defendant spirited to Chile. But defendant has admitted that this court has jurisdiction over the subject matter and over his person in this action. Bohn v. Rhodes, 121 So.2d 777, determined that jurisdiction by the court over the person of a minor's custodian invests the court with jurisdiction to determine custody of the minor.

The equities in this cause are with the plaintiff. On the basis of the foregoing, the court hereby decrees and awards as follows —

Plaintiff is hereby divorced from defendant.

Plaintiff shall have custody of the four children born of the marriage, but defendant shall have reasonable visitation rights with said children.

Defendant shall deliver Carol and Karina into the custody of plaintiff within fifteen days from the date hereof.

Defendant shall pay the costs of court and plaintiff's attorney's fees, and the court hereby reserves jurisdiction for determination of the amount of each.

Defendant shall pay to plaintiff at monthly intervals on the first day of each month as permanent alimony the sum of $1,000 per month.

Defendant shall pay to plaintiff at monthly intervals on the first day of each month as support for the children the sum of $2,000 per month.

Plaintiff shall have a lump sum judgment against defendant for the difference in what defendant has paid plaintiff from the date this suit was instituted to the date the first alimony and support payments are made under this decree and the actual amount paid to plaintiff during this period; and this court reserves jurisdiction for the computation of this amount.