146 So.2d 122 (1962)
Leo J. HIGGINS, Appellant,
v.
Catherine A. HIGGINS, Appellee.
No. 62-80.
District Court of Appeal of Florida. Third District.
November 5, 1962.
Rehearing Denied November 21, 1962.
*123 McNeil & McCormick, Miami, for appellant.
Fred A. Jones, Jr., Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
PEARSON, TILLMAN, Chief Judge.
Leo J. Higgins was the defendant in an action for divorce brought by his putative wife, Catherine A. Higgins. He appeals a final decree which provided, among other things:
"The plaintiff (if ever married) is hereby granted a decree of divorce, a vinculo matrimonii, from the defendant and such marital relationship, if any, as may heretofore have existed by and between the parties is hereby dissolved, voided and declared to be of no force and effect."
In July, 1947, plaintiff and defendant left Westport, Connecticut, and came to Miami. At this time each of the parties had a living spouse. Catherine assumed the name of Higgins and the parties lived together in Miami until March 4, 1961. Catherine's husband died in 1958, but Leo's wife is still living. In April of 1961, Catherine filed a complaint for annulment alleging as grounds that Leo had a wife living at the time of the marriage sought to be annulled. After hearing, the chancellor denied the annulment. In June, 1961, Catherine filed an amended complaint praying for divorce and/or annulment and asked for an adjudication of property rights of the parties. Leo filed an answer denying that he had ever been married to Catherine, and denying that she had supplied the consideration for the jointly owned property. By way of counterclaim the defendant-husband prayed for a partition of the jointly owned property and for a finding that the parties were never married to each other. The chancellor entered the final decree appealed which appears to grant a divorce to Catherine. In addition, the decree awarded all of the jointly owned property to her.
There is no doubt that these parties each knew of the other's undivorced spouse and that despite this they came to the State of Florida to pursue their meretricious relationship. Therefore, it is clear that there could be no valid marriage between the parties at that time. The relationship between the parties was in no way altered by the fact that Catherine's husband died in 1958. Even though she then knew that she had the capacity to be married, she knew that Leo had no such capacity. Neverthless, she continued in the relationship.
Because both of the parties were living in defiance of the marriage relationship rather than in it, the amended complaint for annulment or divorce should have been dismissed. The conclusion is obscured but not changed by the fact that the Legislature of the State of Florida has listed bigamy *124 among the grounds for divorce.[1] This ambiguous ground may appear to authorize an annulment or divorce for parties who are in the same situation as appellant and appellee herein, but to so construe this section of the statute would be to give it an unreasonable interpretation in violation of the well-established principle of statutory interpretation that the law favors rational and sensible construction. Realty Bond & Share Co. v. Englar, 104 Fla. 329, 143 So. 152, 156.
Discussing and attempting to explain this particular ground for divorce, the Supreme Court of Florida has stated that:
"In stipulating the bases on which a divorce decree may be granted the Legislature has therefore expressly recognized the propriety of a judicial proceeding to dissolve the apparent bonds of matrimony uniting a man and a woman under circumstances where one or the other is legally married to a third party." Young v. Young, Fla. 1957, 97 So.2d 470, 471. [Emphasis supplied]
It follows, therefore, that this ground authorizes annulment or divorce only to an innocent party who entered the relationship believing that the other party was capable of assuming the marital bonds. See also Worman v. Worman, 113 Fla. 233, 152 So. 435; Jones v. Jones, 119 Fla. 824, 161 So. 836, 104 A.L.R. 1; Todd v. Todd, 151 Fla. 134, 9 So.2d 279; Astor v. Astor, Fla.App. 1958, 107 So.2d 201.
We now go on to consider the property rights of the parties. There is a finding in the decree appealed that the plaintiff contributed all of the funds for the purchase of certain property. This finding is not supported by the record. The record does show that the parties put their funds in a common account and used both salaries for living expenses and for the acquisition of the property which was put in both of their names as a purported estate by the entireties. It is to be noted that an estate by the entireties could not be created in this case since such an estate is predicated on the unity of husband and wife and is dependent on the marital relation for continuance. Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727. The statutes of this State specifically provide that "* * * except in cases of estates by entirety, a devise, transfer or conveyance * * * to two or more shall create a tenancy in common, * * *." § 689.15, Fla. Stat., F.S.A. The property in both names being held in common and there being no basis for the finding that the plaintiff furnished the consideration, the chancellor erred in giving all of the property to the plaintiff.
That portion of the decree dissolving the non-existent marriage is reversed, and that portion of the decree pertaining to the property is reversed with directions to proceed in accordance with defendant's claim for partition.
Reversed and remanded.
NOTES
[1] § 65.04(9), Fla. Stat., F.S.A. "That either party had a husband or wife living at the time of the marriage sought to be annulled."