178 So.2d 913 (1965)
Margaret L. REESE, Appellant,
v.
Homer A. REESE, Appellee.
No. 65-47.
District Court of Appeal of Florida. Third District.
October 5, 1965.
Rehearing Denied October 25, 1965.
*914 Wick & Chickering, Miami, Lawrence G. Ropes, Jr., Coral Gables, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellee.
Before TILLMAN PEARSON, BARKDULL and SWANN, JJ.
TILLMAN PEARSON, Judge.
The appellant, Margaret, is the former wife of appellee, Homer Reese. The final decree of divorce provided for the payment to Margaret of $520.00 per month as alimony. Subsequent to her divorce from Homer, Margaret entered into a bigamous marriage without knowing of her partner's incapacity. A day and one-half later, her new "husband" committed suicide. Shortly thereafter she learned of her partner's widow. The appellee, divorced husband, learned of his former wife's presumed remarriage and filed a motion in the circuit court praying that the chancellor strike from the final decree of divorce the provision for alimony. After taking evidence, the chancellor entered an order terminating the alimony payments, and this appeal followed.
The controlling question on this appeal is whether a bigamous second marriage, innocently entered into, by a divorced woman is a bar to her receiving alimony from a prior husband. On this question, the chancellor held as follows:
"The Court holds that since the decision of the Supreme Court in Young v. Young, 97 So.2d 470, a bigamous marriage to which the wife was an innocent party will support an award of alimony, both temporary and permanent, against the guilty husband to such a marriage. As was said by the Court of Appeals of New York in Gaines v. Jacobsen, 308 N.Y. 218, 124 N.E.2d 290, 48 A.L.R.2d 312:
`The interests of justice require, too, that, as between successive husbands, the wife look to the last one for support, and certainly, that she be given neither two sources of support nor the ability to choose between her first and second husbands for the more profitable.'"
The appellant urges that the chancellor reached the wrong conclusion of the law because, under the law of this State, a marriage is void if one of the parties has a living and undivorced spouse by a prior marriage, and that, since the second marriage is absolutely void, it can have no legal effect. In this connection she relies upon the following statement from 2A Nelson, Divorce and Annulment, § 17.11, at p. 58 (2d ed. 1961):
"Remarriage of one's ex-wife does not, in most states, automatically terminate the obligation to pay alimony or support money. It does, however, furnish ground for an application to the court to modify the decree or terminate payments thereunder unless the subsequent remarriage is void." [Emphasis added]
This statement is supported by a well reasoned opinion in Sutton v. Lieb, 199 F.2d 163, 33 A.L.R.2d 1451 (7 Cir.1952). The court, in Sutton, reached the conclusion that a bigamous second marriage was not a bar to an earlier decree of alimony because, under Illinois law, a bigamous marriage is void and therefore ineffectual to alter the marital status of either party.
As easy as this solution to the problem may seem, we are not justified in accepting it without an examination of the Florida cases. The appellant cites two Florida decisions  Kuehmsted v. Turnwall, 103 Fla. 1180, 138 So. 775 (1932), and Jones v. Jones, 119 Fla. 824, 161 So. 836, 104 A.L.R. 1 (1935).
The Kuehmsted opinion dealt with a marriage void for want of mental capacity on the part of the wife. The Court held that the marriage was void ab initio, and that it was as if no marriage had taken place.
*915 The Jones opinion dealt with a bigamous marriage. The holding was that where a void bigamous marriage is innocently contracted by one of the parties and such void marriage has subsequently ripened into a presumptively valid common-law marriage, the innocent party could apply for a decree annulling the common-law marriage. We believe that it is only fair to recognize in the Jones opinion an implicit holding that a bigamous marriage is absolutely void while the impediment of a prior existing legal spouse of one of the parties continues in existence. Nevertheless, we find in the opinion a prophetic comment. As page 838, the Court stated:
"In divorce matters modern civilization strongly condemns the harsh doctrine of ab initio sentences of nullity. As a consequence, marriages are considered as being either void or voidable, depending upon the circumstances involved * * *."
The search for guiding precedent in Florida for the instant case is complicated by the fact that section 65.04(9), Florida Statutes, F.S.A. Includes as a ground for divorce in this State the following provision:
"(9) That either party had a husband or wife living at the time of the marriage sought to be annulled."
This situation has recently been reviewed and clarified by the Supreme Court of Florida in Burger v. Burger, Fla. 1964, 166 So.2d 433, where it was held that even though the word "divorce" is ordinarily understood to mean an adjudication of the dissolution of a valid marriage, it is employed in section 65.04(9), Florida Statutes, F.S.A., to designate an adjudication of the nullity of a supposed marriage. The Court reviewed the rights of a putative wife under Florida laws and at page 436 stated:
"We have held that even in situations where the putative wife was responsible for the invalidity of the union, she would still be entitled to temporary alimony and suit money to enable her to defend herself or otherwise participate in the litigation. Section 65.07, Florida Statutes, F.S.A. Therry v. Therry, 117 Fla. 453, 158 So. 120; Courtney v. Courtney, 108 Fla. 276, 146 So. 229. However, permanent alimony and fees in addition to those allowed pendente lite have been denied to a wife found guilty of a so-called `Ground Nine' basis for the `divorce.' Therry v. Therry, supra. In Florida, alimony is a matter of equitable cognizance which rests in the sound discretion of the chancellor in the light of the facts of a particular case. Gill v. Gill, 107 Fla. 588, 145 So. 758; Prine v. Prine, 36 Fla. 676, 18 So. 781, 34 L.R.A. 87. In view of this rule, when the putative wife is the wrongdoer, or as here, when she is equally responsible with the putative husband in creating the situation, she is not entitled to permanent alimony or attorneys' fees other than those allowed pendente lite. When a wife is an innocent victim of the husband's wrong, then the court may allow permanent alimony and attorneys' fees on equitable principles as well as under Section 65.08, Florida Statutes, F.S.A. Young v. Young, supra.
"Our holdings here regarding alimony and suit money are exceptions to the general rule that ordinarily to support these allowances, it is necessary to prove the existence of a valid marriage. However, the exceptions we have announced are supportable on equitable principles as well as by a literal application of the Florida Statutes in view of the fact that the Legislature has recognized as a ground for `divorce' the very element which invalidates the marriage at its inception." [Emphasis supplied]
In the State of Florida, alimony is defined as money required to be paid by *916 a man to his former wife for her subsistence, and it derives from the legal duty to her which he assumed when they married. Friedman v. Schneider, Fla. 1951, 52 So.2d 420. Further, as noted in the quoted portion of the Burger opinion, alimony in Florida is a matter of equitable cognizance which rests in the sound discretion of the chancellor in the light of the particular case. This right of support, which is designated alimony, is therefore an incident of a valid marriage or, in some instances, of an invalid marriage if the presumed wife is the victim of a presumed husband's wrong.
We take it as fundamental that this right of support is such that only one husband or presumed husband may be obligated at the same time, and that if the right of support is terminated it may not be revived. These characteristics seem to be implicit from the fact that a valid remarriage has been held to permanently terminate a provision for alimony included in a divorce decree. Carlton v. Carlton, 87 Fla. 460, 100 So. 745 (1924). We conclude that the chancellor correctly held that the appellant had a right to support from her presumed second husband and that her acceptance of this new right terminated her right to support from the appellees.
It is strongly urged by the appellant that such a conclusion is unjust because she was the "innocent" party in the bigamous marriage. We think this innocence does not give her an equity against her first husband because the appellant fully intended to remarry and terminate her alimony rights. The impediment was that of her new partner. Therefore, while she was certainly innocent of an intent to commit a crime, she was not innocent of an intent to abandon her right to support from the appellee, her former husband. In effect we hold that the appellant relinquished her right to support from her former husband when she accepted the promise of her new partner to furnish that support. The fact that this ceremony was not effective to create a new marriage relationship between her and her new partner in no way affected the relinquishment of her rights under the previous marriage.
The appellant has raised other points which need not be considered because our decision disposes of the appeal as a matter of law. We have reviewed each point presented and find that it is either rendered ineffective for reversal by our conclusion or that the point does not present reversible error.
In addition, the appellant has assigned as error the refusal of the chancellor to allow her attorney's fee for representation in her defense to the motion brought by the former husband. It has frequently been pointed out that the only authority for allowances of attorney's fees in an action between a former husband and a former wife is found in section 65.16, Florida Statutes, F.S.A., which provides that the court may allow attorney's fees to a divorced wife in a proceeding "brought for the purpose of enforcing a decree or order of the court, providing for the payment of alimony or support for children." It cannot be said that appellant's defense of her former husband's action constituted an enforcement of a decree for payment of alimony because she had already terminated her alimony rights under the decree.
Affirmed.