ERVIN, Justice.
Conflict-certiorari to review a decision of the District Court of Appeal, First District, in the case of Brown v. Brown, 179 So.2d 622, is requested.
Manda B. Brown, Petitioner here and Plaintiff below, sued for divorce. In the course of the proceedings she sought to amend her complaint to allege as a ground for divorce the fact that Samuel B. Brown, Respondent here and Defendant below, had a wife living at the time of the marriage of the parties, and to pray for permanent alimony. On this particular issue the transcript filed here reflects the following: First the final order of the Circuit Court, which reads:
“This cause coming on to be heard upon final hearing upon complaint, an amendment to complaint, and answer of the defendant, and the Court having heard the testimony of the parties and their witnesses and it being apparent to the Court that the marriage of the plaintiff and the defendant is void by reason of the fact that the defendant had a living wife at the time of the marriage, which fact the parties conceded, and the plaintiff having petitioned the Court for leave to file a further amendment to her complaint alleging as a ground for divorce the fact that the defendant had a wife living at the time of the marriage of the parties, and praying for permanent alimony, and the Court being of the opinion that the Court can not grant permanent alimony because the marriage is void and the filing of such an amendment would be useless, the petition to file same is therefore denied, and the Court further being of the opinion that the deed from the plaintiff to the defendant sought to be declared a forgery is the deed of the plaintiff and that the legal sufficiency of the consideration is not material and that for said reasons the plaintiff’s prayer to have said deed declared void should be denied, it is there: “ORDERED AND ADJUDGED AND DECREED that a decree in favor of the defendant is hereby enteied and the complaint and the amendment to the complaint of the plaintiff be in the same are hereby dismissed, with prejudice.”
*512 On appeal to the District Court the plaintiff (Petitioner here) assigned as errors: the refusal of the Circuit Court to award plaintiff alimony; the denial of the circuit court of plaintiff’s application to amend to allege pre-contract upon part of the defendant as a ground for divorce, with a prayer for alimony connected therewith and the circuit court’s ruling that it was without jurisdiction to grant alimony because the marriage was void, due to the defendant’s pre-contract.
The District Court of Appeal affirmed in the following language:
“PER CURIAM.
“Affirmed. Petition for attorney’s fee and suit money is denied.”
It is obvious to us from this record there is conflict between the decision of the District Court of Appeal and the following cases: Young v. Young (Fla.), 97 So.2d 470; Burger v. Burger (Fla.), 166 So.2d 433, 3 A.L.R.3d 1102 and Reese v. Reese (Fla.App.3rd), 178 So.2d 913.
The decision of the District Court of Appeal conflicts with the three cases which hold:
“ * * * When a wife is an innocent victim of the husband’s wrong, then the court may allow permanent alimony and attorneys’ fees on equitable principles as well as under Section 6S.08, Florida Statutes, F.S.A. Young v. Young, supra.”
The quotation is from Burger v. Burger, supra, 166 So.2d at page 436.
The right of a wife, either originally in her complaint or by amendment thereto, to allege as a ground for divorce and for permanent alimony the fact her husband or her putative husband had a wife living at the time of their marriage appears to be settled by these cases and is guaranteed by statute. The only situation where denial of such an amendment is justifiable would be where it is obvious from the testimony or facts of the case the wife is not an innocent victim of the husband. But such situation does not appear from the record of this case. In his order the Chancellor predicated his refusal to allow the wife the right to ''assert by amendment her claim she is an innocent victim of her husband’s wrong solely on the basis “ * * * the Court can not grant permanent alimony because the marriage is void and the filing of the amendment would be useless.” The question, of the status of the wife as an innocent victim of her husband is not decided or even mentioned in the Court’s final order.
An amendment should be allowed, opening up the case to an inquiry as to whether the wife is an innocent victim of her husband’s wrong and entitled to a divorce and permanent alimony for that reason.
The decision of the District Court of Appeal is quashed with directions that further proceedings in the case be in accord with this opinion and judgment.
It is so ordered.
ROBERTS, DREW, CALDWELL and HOBSON (Retired), JJ., concur.
THORNAL, C. J., dissents in part and concurs in part with opinion.
THOMAS, J., dissents.