## EVANS v. EVANS.
### No. 38986-C
Circuit Court, Palm Beach County.

October 24, 1966.

Charles E. Beall, Palm Beach, for plaintiff.

Harold G. Maass, Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

*Order for temporary relief:* This cause is before the court on plaintiff's petition to modify final decree and for temporary relief.

Plaintiff was divorced from defendant on October 1, 1958. The final decree approved a stipulation between the parties providing that defendant should pay $1,000 per month for alimony and support for two minor children — without allocating or separating the portion thereof due for alimony.

Plaintiff became remarried May 31, 1966. The defendant continued to pay $1,000 per month through June 1966, and then discontinued further payments.

Plaintiff brought an annulment action against her new husband on July 8, 1966, on grounds of fraud and concealment, alleging that the marriage had not been consummated, and was granted a final decree on August 9, 1966. On August 19, 1966 she filed the petition now before the court.

Under the principles contained in the cases cited by counsel, independent of statutory provisions, it appears that plaintiff would be entitled to seek alimony from Robert Emmett McCaffrey, her partner in the annulled marriage, premised upon her need and his ability to pay, because she was an innocent victim of his wrong. It therefore appears that, having a remedy against him, she would not, in addition, have a remedy against her former husband, the defendant in the present case. Reese v. Reese, Fla., 178 So.2d 913. The court will therefore limit her recovery on her present claim for temporary relief to support for the minor child or children of the parties.

The eldest of the two children, Richard H. Evans, Jr., is in the armed forces and there is no showing that temporary relief with respect to him is warranted. It is not disputed that defendant is liable for support of the younger child, David R. Evans, of whom plaintiff has custody. Under the circumstances the court finds that the sum of $500 per month for that purpose is justly due and payable, beginning as of August 1, 1966. Defendant's payment of $1,000 for the month of June 1966 is recognized as covering his liability for such child support during June and July.

Upon consideration, it is ordered and decreed that defendant shall pay to plaintiff for the temporary care, maintenance and

support of the minor child, David R. Evans, the sum of $500 per month, beginning as of August 1, 1966; that the sums now due and payable for that purpose to and including October 1, 1966, amount to $1,500; and that pending further order, defendant shall continue to pay the plaintiff $500 per month beginning November 1, 1966.