Betty Easley Representative, 56th District Tallahassee
QUESTION:
1. Does the repeal of s. 741.06, F. S., do away with the county court judges' discretion in the issuance of a marriage license to anyone under the age of 18?
2. Does county court judge now have to issue a marriage license to a minor, no matter how young, if he has the written consent of his parents?
SUMMARY:
Former s. 741.06, F. S., which granted county court judges a limited discretion in issuing marriage licenses to minors, regardless of parental consent, when the minors are parents or expectant parents of a child has been removed or revoked by s. 2, Ch. 77-19, Laws of Florida, repealing s. 741.06 effective October 1, 1977. Therefore, county court judges and clerks of the circuit court are bound by the terms of s. 741.04, F. S., which authorizes and requires the issuance of a marriage license to persons under the age of 18 years when they have obtained the properly acknowledged written consent of their parents or guardian. In the absence of a controlling statute to the contrary, the common-law rule at which persons were deemed competent to contract a valid marriage, i.e., 14 years of age for males and 12 years of age for females, should be applied in issuing marriage licenses to minors with the properly acknowledged written consent of such minors' parents or guardian.
AS TO QUESTION 1:
Prior to the 1977 legislative session, s. 741.04, F. S., provided,inter alia, that no marriage license could be issued to persons under the age of 21 without the written consent of the minor's parents or guardian. Section 741.06, F. S., provided an exception to, and limitation upon, this provision by stating:
 The county court judge of any county in the state may, in the exercise of his discretion, issue a license to marry to any male or female under the age of 21 years, upon sworn application of both applicants under oath that they are the parents or expectant parents of a child. The consent of the parents or guardian of such applicants shall not be required for the issuance of a license to marry under the provisions of this section. No license to marry shall be granted to any male under the age of 18 years, nor to any female under the age of 16 years, with or without the consent of their parents except as hereinabove provided.
Although both ss. 741.04 and 741.06, F. S. 1975, used the age of 21 years as the age of majority, the Legislature in Ch. 73-21, Laws of Florida, removed the disability of nonage for persons 18 years of age or older. See AGO's 076-60 and 074-201 in which I concluded that s. 741.04 required parental consent prior to the issuance of a marriage license only for persons under the age of 18 years; see also AGO 073-241.
Sections 741.04 and 741.06 F. S. 1975, read together, clearly established that a marriage license could not be issued, regardless of parental consent, to males under the age of 18 and females under the age of 16 unless they were parents or expectant parents of a child. See also AGO 076-60, question 1. While both the county court judge and the clerk of the circuit court possess the authority under s. 741.04 to issue marriage licenses, only the county court judge was granted the limited discretion to issue licenses to minors who were parents or expectant parents of a child as provided in s. 741.06. See the title and s. 1, Ch.74-372, Laws of Florida, which amended s. 741.04 to empower the clerk of the circuit court to issue marriage licenses.
The 1977 Legislature, in regular session, passed Ch. 77-19, Laws of Florida, amending Ch. 741, F. S., effective October 1, 1977. Section 1 of the act in pertinent part revised the language in s.741.04, F. S., to lower the age of consent to 18 years of age and eliminated the requirement of posting a copy of the application for marriage license at the front door of the county courthouse except for those counties which have fewer than 75,000 residents.See title of Ch. 77-19. Section 63 of Ch. 77-121, Laws of Florida, a reviser's bill relating to the disability of nonage, amended s. 741.04 to conform it to Ch. 73-21, Laws of Florida, which defined `minor' to include persons under age 18 and removed the disabilities of nonage for all persons 18 years of age or older. See title of Ch. 77-121. Section 741.04 now provides that the age of consent is 18 years of age. Section 2 of Ch. 77-19, however, provides a more substantive change to Ch. 741 by expressly stating that `[s]ection 741.06, Florida Statutes, as created by [Ch.] 39-18021, Laws of Florida, is hereby repealed,' effective October 1, 1977. See also the title of Ch. 77-19, providing, `repealing s. 741.06.' While the Legislature made subsequent amendments to ss. 741.04 and 741.06 these later acts do not indicate any repeal of s. 2, Ch. 77-19 and do not therefore militate against or reverse the operative force and effect of s. 2. For example, ss. 64 and 65, Ch. 77-121, respectively, merely revise the language of these sections to conform them to Ch. 73-21
which removed the disabilities of nonage for all persons of 18 years of age or older; s. 1, Ch. 77-139, Laws of Florida, amends s. 741.04 to prohibit the issuance of a marriage license unless one party is a male and the other party is a female, and limits marriage application posting requirements to counties under 75,000 residents. See title of Ch. 77-139. Moreover, I have been informed by the Statutory Revision Division that while s. 741.06, F. S., will be included in the 1977 edition of the Florida Statutes in keeping with its policy of publishing any statute which has been repealed or amended effective October 1 or later, the section will be footnoted to reflect that it was repealed by s. 2, Ch. 77-19
effective October 1, 1977.
Your inquiry is directed to the effect of the express repeal of s. 741.06, F. S., on a county court judge's discretion in issuing marriage licenses to persons under the age of 18 years. Except as limited by the Constitution, it is the State Legislature which possesses the authority and power to regulate and control the matrimonial contracts of its citizens. See 55 C.J.S. Marriage s. 2 and Light v. Meginniss, 22 So.2d 455, 456 (Fla. 1945), in which the Florida Supreme Court stated that
 marriage, being of vital public interest, is subject to the state and to legislative power and control with respect to its inception, duration and status, conditions and termination, except as restricted by Constitutional provisions. (Emphasis deleted.)
See also Posner v. Posner, 233 So.2d 381, 383 (Fla. 1970); Todd v. Todd, 9 So.2d 279 (Fla. 1944); and 55 C.J.S. Marriage s. 2 (the courts have jurisdiction over marriage and its incidents only tothe extent such jurisdiction has been conferred by the Legislature by statute). The Florida Legislature has delegated some of its power to the county court judges in the area of domestic relations. Specifically, s. 741.04, F. S., represents a delegation by the Legislature of essentially an administrative task in the issuance of marriage licenses to the county court judges and the clerks of the circuit court. Section 741.06, F. S. 1975, also represented a delegation of the Legislature's power to regulate and control marriage to the county court judges. Only in s. 741.06 were the county court judges granted limited discretion in issuing marriage licenses to minors; moreover, this discretion was limited to the specific circumstances set forth in s. 741.06, i.e., when both of the minor applicants for a marriage license swear or make oath that they are the parents or expectant parents of a child.
The Legislature, having the power to grant the county court judges the authority to administer certain incidents of marriage, also has the power to revoke its previous grants of authority. Cf. Tamiami Trail Tours v. Lee, 194 So. 305, 306 (Fla. 1940) (`like any other legislative act, it can be amended or repealed by the legislature') and Straughn v. Camp, 293 So.2d 689 (Fla. 1974),appeal dismissed, 419 U.S. 891 (Legislature cannot bind its successors). With respect to the instant inquiry, the limited discretion granted to the county court judges by the Legislature in s. 741.06, F. S. 1975, has been removed or revoked by the express terms of s. 2, Ch. 77-19, Laws of Florida, which repealed s. 741.06, effective October 1, 1977. The language is plain and unambiguous; there is no necessity for any construction or interpretation of the statute, and effect need only be given to the plain meaning of the terms. See State v. Egan, 287 So.2d 1
(Fla. 1973); see also, Hanley v. Liberty Mutual Insurance Company,323 So.2d 301 (3 D.C.A. Fla., 1975), aff'd, 334 So.2d 11 (Fla. 1976) (purpose of Legislature should be determined where possible from language of statute); Swartz v. State, 310 So.2d 618 (1 D.C.A. Fla., 1975), cert. denied, 333 So.2d 465 (Fla. 1976); Leigh v. State ex rel. Kirkpatrick, 298 So.2d 215 (1 D.C.A. Fla., 1974); and McDonald v. Roland, 65 So.2d 12 (Fla. 1953).
Accordingly, I am of the view that the repeal of s. 741.06, F. S., by s. 2, Ch. 77-19, Laws of Florida, has removed or revoked the limited discretion previously granted to county court judges by the Legislature in issuing marriage licenses to minors.
AS TO QUESTION 2:
I concluded in question 1 that s. 741.06, F. S., and its limited grant of discretion to county court judges in issuing marriage licenses to certain minors had been effectively removed or revoked by operation of s. 2, Ch. 77-19, Laws of Florida, repealing s. 741.06. With the repeal of s. 741.06 which provided in pertinent part that `[n]o license to marry shall be granted to any male under the age of 18 years or to any female under the age of 16 years, with or without the consent of their parents except as hereinabove provided,' there is no longer any statutory provision which prohibits the issuance of a marriage license to a person under the age of 18 years who has obtained the properly acknowledged written consent of his parents or guardian. See s.741.04, F. S. 1977, which provides in pertinent part that
 [i]f either of such parties shall be under the age of 18 years, such county court judge or clerk of the circuit court shall not issue a license for the marriage of such party unless there shall be first presented and filed with him the written consent of the parents or guardian of such minor to such marriage, acknowledged before some officer authorized by law to take acknowledgments and administer oaths.
You inquire as to the responsibility and duty of a county court judge to issue a marriage license to a minor, regardless of age, who has obtained his parents' written consent, properly acknowledged as provided by law. As more fully discussed in the previous question, it is the Legislature which possesses the power to regulate the marriages of its citizens. The statutes do not appear to grant a county court judge or clerk of the circuit court any discretion in issuing licenses to those persons who meet the requirement as established by statute. The repeal of s. 741.06, F. S., removed any statutorily imposed minimum age below which a license shall not be issued, regardless of parental consent. See
the last sentence of s. 741.06 which placed a minimum age of 16 years for females and 18 years for males below which a license could not be issued with or without the parents' or guardian's consent, unless the minor was a parent or an expectant parent of a child. Section 741.04, F. S., as amended, does not in terms purport to prohibit the issuance of a license to an infant regardless of age where the written consent of the parents or guardian, properly acknowledged, is given, or presented to, and filed with the county court judge or clerk of the circuit court. The statutes do not bestow any discretion on either the county court judge or clerk in issuing licenses under these circumstances; only the written consent of the parents or guardian is required. Cf. Hunt v. Hunt, 161 So. 119, 122 (Miss. 1935), in which the court stated that a statute which prohibited the issuance of a license to a female under the age of 18 years without the consent of her parents or guardian did not affect the right of the minor under the age of 18 years to consent to a marriage as that right remains at common law; `[i]t only authorizes their parents or guardian to object to the issuance of a license for the marriage.' Initially, therefore, it appears that a county court judge and a clerk of the circuit court do not possess the power to refuse to issue a marriage license to persons under 18 years of age who have obtained their parents' or guardians' properly acknowledged written consent and otherwise satisfied the statutory requirements, regardless of the age of the parties to the proposed marriage.
Assuming that former s. 741.06 changed the preexistent common law with regard to the age of consent, cf. Hunt v. Hunt, supra, when s. 741.06 was repealed, the common-law rule of age was restored to its former state before s. 741.06 was enacted. See Florida Fertilizer Manufacturing Company v. Boswell, 34 So. 241, 242
(Fla. 1903), in which the court stated that `when a statute changing the common law is repealed, the common law is restored to its former state.' See also North Shore Hospital, Inc. v. Barber,143 So.2d 849, 853 (Fla. 1962). In the absence of a controlling and inconsistent statute, the common-law rule of age has been adopted as a part of the common law of the state. See Green v. Green, 80 So. 739 (Fla. 1919), in which the Florida Supreme Court stated that in the absence of a statute, the age at common law at which persons were deemed competent to contract a valid marriage `is adopted as part of the common law of the country' and s. 2.01, F. S., providing that the common and statutory law of England of a general, not local, nature are of force within the state unless inconsistent with the Constitution and laws of the United States and of the State of Florida. Cf. State v. Egan, 287 So.2d 1, 3
(Fla. 1973). At common law, a male was deemed competent to contract a valid marriage at 14 years of age; for females the age of consent was 12 years. Green v. Green, supra; 55 C.J.S. Marriage
s. 11. Any marriage, however, occurring between the age of 7 years and the age of consent was merely voidable, but a marriage where one or both of the parties were under the age of 7 years was void and without legal significance. 55 C.J.S. Marriage s. 11. A marriage by one above the age of consent but below the age of contract generally is fully valid. 55 C.J.S. Marriage s. 11 at p. 823; also see Hunt v. Hunt, 161 So. 119, 122 (Miss. 1935). Although not required at common law, the state may require the consent of the parents or guardian as a preliminary to the marriage of minors. 55 C.J.S. Marriage s. 23.
Therefore, although a county court judge or clerk of circuit court may be required to issue a marriage license to persons under the age of 18 years who have obtained the written and properly acknowledged consent of their parents or guardians, in the absence of legislative authority to the contrary, and until legislatively or judicially decreed otherwise, I am of the opinion that the common-law rule regarding the age at which persons become capacitated to marry (14 years for males and 12 years for females) should be applied in issuing marriage licenses to persons under the age of 18 years who present properly acknowledged written consent of the parents or guardian of such minors.
Prepared by: Joslyn Wilson, Assistant Attorney General