Edwin W. Malmquist Hernando County Court Judge Brooksville
QUESTIONS:
1. May a 17-year-old male be issued a marriage license upon the consent of his parents?
2. What are the minimum ages, for both males and females, for issuance of a marriage license to minors with the consent of parents?
SUMMARY:
The repeal of s. 741.06, F. S., by s. 2, Ch. 77-19, Laws of Florida, effective October 1, 1977, removed any statutorily imposed age requirement for receiving a marriage license when the person, although a minor, has obtained the written consent of his parents or guardians. In the absence of such a statute, the common-law rules regarding the age at which a person is deemed competent to contract a valid marriage should be adopted.
AS TO QUESTION 1:
Your question is answered in the affirmative.
Section 741.04, F. S., as amended by s. 1, Ch. 77-19 and s. 64, Ch. 77-121, Laws of Florida, provides in pertinent part:
 If either of such parties shall be under the age of 18 years, such county court judge or clerk of the circuit court shall not issue a license for the marriage of such party unless there shall be first presented and filed with him the written consent of the parents or guardians of such minor to such marriage, acknowledged before some officers authorized by law to take acknowledgments and administer oaths.
Prior to October 1, 1977, the foregoing statutory provision was limited by s. 741.06, F. S. 1975, which prohibited the issuance of marriage license to males under the age of 18 years of females under the age of 16 years, regardless of parental consent, unless the minor was a parent or expectant parent of a child. Section 741.06, however, was expressly repealed by s. 2, Ch. 77-19, Laws of Florida, effective October 1, 1977. In AGO 078-5, I considered the effect of the repeal of s. 741.06 by s. 2, Ch. 77-19 on the issuance of marriage licenses to persons under the age of 18 years. In that opinion, I concluded that with the repeal of s. 741.06 the provisions contained in s. 741.04 must govern the issuance of these licenses to minors. Accordingly, under the terms of s. 741.04, it appears that a 17-year-old male may be issued a marriage license provided there appears to be no impediment to the marriage (other than age) and he has received the written consent of his parents or guardians. See also AGO 075-18 in which I concluded that the parents of a minor may revoke their consent to the marriage of the minor prior to the issuance of a marriage license. However, once the license has been issued, the parental consent is not a precondition to the solemnization of the marriage and, accordingly, the revocation of the parental consent after the valid issuance of a marriage license will not prevent the solemnization of the marriage.
AS TO QUESTION 2:
As discussed in question 1, the repeal of s. 741.06, F. S., removed any statutorily imposed age requirement for receiving a marriage license when the person, although a minor, had obtained the written consent of his parents or guardian. You specifically inquire as to the minimum age for the issuance of a marriage license to minors with the consent of the parents. Since October 1, 1977, there appears to be no such minimum age under the Florida Statutes; however, in the absence of such a statute, the Florida Supreme Court has in the past applied the common-law rule regarding the age of consent. See Green v. Green, 80 So. 739 (Fla. 1919), in which the court stated that in the absence of statute, the age at common law at which persons were deemed competent to contract a valid marriage should be adopted as part of the common law of the state. See also AGO 078-5 in which I reached a similar conclusion.
Therefore, I am of the view that, in the absence of any legislative or judicial authority to the contrary, the common-law rules regarding age should be applied. It should be noted that under the common law, the age of consent for marriage was 14 years of age for a male and 12 years of age for a female. Any marriage occurring before the age of 7 was void while a marriage occurring between the age of 7 years and the age of consent was merely voidable. 55 C.J.S. Marriage s. 11.
Prepared by: Joslyn Wilson, Assistant Attorney General