DORIS COURTNEY, Appellant, v. L. M. COURTNEY, *Appellee*.

146 So. 229.

En Banc.

Opinion filed February 14, 1933.

*Wallace Tervin,* for Appellant;

*Grimes & Rowe,* for Appellee.

On Motion of Appellant for Allowance of Suit Money and Counsel Fees.

PER CURIAM.—In a suit brought by a husband against a putative wife, to annul the marriage relation, when the fact of the marriage is *prima facie* established, and the husband has means wherewith to live and to litigate and the wife is destitute, the husband must furnish the wife with subsistence while the suit is pending, and to enable her to maintain her defense. The allowance in such a case, upon proper showing, of temporary alimony, counsel fees and suit money to the wife, while the suit is pending in the Appellate Court, is not the exercise of an original jurisdiction, but has been held to be essential to' the proper and impartial administration of justice in the exercise of appellate jurisdiction. Prine v. Prine 36 Fla. 676, 18 So. Rep. 781.

The only difference between this case and the situation that was considered by this Court in the case just cited, is, that in this case, the putative wife, Doris Courtney, filed a bill setting up the marital status between her and the appellee putative husband, L. M. Courtney, praying for support of herself and child, unconnected with causes for divorce. The respondent husband filed his answer and cross complaint in which he asserted that the alleged marriage relied on by the putative wife was consummated under duress. The trial of the issues resulted in a final decree finding the equities with the husband and adjudging the alleged marriage void *ab initio*. A decree, however, was entered allowing the wife and her counsel certain amounts for temporary alimony and attorney's fees.

The Court sees no difference in principle between this case and the case of Prine v. Prine, cited above, wherein temporary alimony, counsel fees and suit money was held properly allowable to the putative wife, in the Appellate Court. An appeal in Chancery is but a step in the cause in this State, and even though the court below has rendered a final decree finding that the marriage was void because of duress, as alleged, that decree being the very issue brought here for decision, cannot *ex proprio vigore* wipe out the Chancellor's previous finding that a marriage was *prima facie* established as the basis for the allowance of the sums which have been allowed in the lower court, nor preclude this court, in the exercise of its discretion to do justice pending the appeal, from holding that the appellee, the appellant's alleged husband, should defray the costs and expenses attendant upon preparing the transcript of the record and pay the court costs necessary to be paid to enable appellant to prosecute her appeal.

The Court finds that a sufficient showing has been made in the appellant's petition and supporting proof to entitle her

to an order against the appellee, L. M. Courtney, requiring said appellee to pay and defray the costs and expenses attendant upon preparing and filing in this Court a duly certified transcript of the record in support of the appeal which the petition shows to have already been entered and made rturnable here in due form. Such an order is herewith made.

The question of further allowances for appellant's support and for counsel fees in the Appellate Court will be continued for consideration and disposition after the transcript of the record has been seen and inspected to determine whether or not the appeal involves a substantial question warranting the prosecution of an appeal from an adverse decree rendered against the complainant wife, on the merits.

The rule that has been followed by this Court is that when the wife has brought a suit for alimony, with or without divorce, and the case has gone against her in the Court below, on its merits after full hearing, that the allowance of further alimony, counsel fees or suit money in the Appellate Court will not be made except upon the inspection of a transcript of the record and the ascertainment therefrom that some substantial basis for an appeal may exist, but that when the appellant wife shows that she is wholly unable to supply the required transcript, and the appellee husband is able to do so without any great or undue burden to himself, that an order will be made requiring the appellee husband to pay the costs of making up and filing a transcript of the record to enable the wife to prosecute her appeal and petition for further relief incidental thereto, unless some strong reason is shown why in equity and good conscience the costs of the transcript should be denied the appellant wife in the particular case. This practice was recently followed by us in the case of McDade, v. McDade, decided at the last term.

It is ordered that the appellee, L. M. Courtney, do forth-with defray the necessary legal costs and expenses attendant upon preparing a transcript of the record in legal form for the use of appellant on this appeal, together with the necessary fees required to be paid for filing the case and serving copies on opposing counsel in the Appellate Court, and that all other relief prayed for in appellant's petition be denied, without prejudice to appellant's right to renew same after a transcript of the record is on file.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.