## LOUISE TITCOMB v. SOLOMAN F. TITCOMB

34 So. (2nd) 742      January Term, 1948
April 2, 1948      Division A

*Hubbard & Carr* and *David B. Newsom,* for appellant.

*W. Dow Woodward,* for appellee.

CHAPMAN, J.:

The appellant, Louise Titcomb, filed in the Circuit Court of Dade County, Florida, her suit for separate maintenance, unconnected with divorce, under the provisions of section 65.07, F.S.A. The relief prayed for was viz: (1) the right to live apart from her husband in the home owned by her husband; (2) the appointment of a receiver for her husband's property; (3) temporary and permanent alimony; (4) the possession of her husband's automobile; and (5) suit money and counsel fees. The defendant husband answered the wife's bill of complaint and specifically denied the alleged grounds for separate maintenance and by counter-claim prayed for a divorce or for an annulment of the marriage.

The record discloses that the parties married April 19, 1945, and at the time the husband was a widower and 84 years of age and the wife was 44. The husband by trade was a butcher and resided in Chicago, and at the age of sixty retired and moved to Miami, Florida. It appears that he was thrifty and industrious; bought a home in Miami valued at some $10,000.00 and furnished it. He had on deposit with a bank some $16,000.00, owned an automobile and invested some of his money in Miami real estate, and a potential profit obtainable on this investment was not disputed. The estimated value of the husband's property was about $30,000.00.

The wife worked as a real estate agent in Chicago and earned around $125.00 per month; had a son by a former marriage, and was earning about $200.00 per month as a practical nurse after moving to Miami from Chicago a few months prior to her marriage. It does not appear that she had ac-

cumulated much property at the time of the marriage. They lived together a few months and friction arose when she refused to sign a deed with her husband for the sale of some real estate owned by her husband when she married him. The husband testified that he had a profit of $2,500.00 but his wife refused to sign the deed—suggesting at the time that cottages should be built on the lots and an income obtained. The husband offered her $900.00 to sign the deeds but she refused.

Pertinent findings of the Chancellor are viz:

"5. That the purported marriage between the parties litigant was in fact not a marriage under the laws of this State, either in fact or in spirit, having been, one the one hand, never consummated by cohabitation, and on the other hand, conceived, designed and initiated by the plaintiff, not because of any deep-rooted love or abiding affection for the defendant (cross-plaintiff), but obviously because of an ambitious desire to obtain the security and comforts of a home plus profitable and continuous employment in her chosen field (practical nursing) during the lifetime of the aging defendant (cross-plaintiff) plus the inheritance of his estate upon his death.

"6. That the plaintiff is approximately 44 years of age, enjoys reasonably good health, is well experienced in business (office work), and as a practical nurse, by virtue of all of which she is obviously fully capable of self support; that the defendant (cross-plaintiff) is approximately 86 years of age, is in failing health and unable to work, has no means of support whatsoever other than by the constant dwindling of the limited savings effected by him long before his acquaintanc with the plaintiff."

The decree challenged on this appeal (1) annulled the marriage between the parties; (2) denied the wife alimony; (3) removed the wife and her personal effects from the husband's home; and (4) allowed her counsel fees in the sum of $600.00 and suit money. It appears that the Chancellor settled the disputes and conflicts in the testimony and we find ample testimony in the record to support his conclusions. The burden of showing error was on the appellant and in light of

the entire record it cannot be said that error affirmatively has been made to appear.

The appellant wife by petition applied to this Court for an order requiring her husband, the appellee, to pay a reasonable sum as compensation for her counsel incident to this appeal. Orders of this nature have been entered in similar cases when a valid marriage has been established; the necessities of the wife and the financial ability likewise have been made to appear; and the wife now lives apart from her husband through his fault. In the case of Woodward v. Woodward, 122 Fla. 300, 165 So. 46, we held that where a wife litigated and lost in the Court below the allowance of attorney fees, suit money and temporary alimony on appeal is not allowed by the Supreme Court of Florida as a matter of course.

In Phifer v. Phifer, 124 Fla. 223, 168 So. 9, we held that after a final decree denying the wife a divorce as plaintiff below, and she appeals, the burden is upon her to show that she is acting in good faith and has reasonable grounds to believe that her appeal will be successful before an award of counsel fees, suit money or alimony will be allowed in this court. The application for counsel fees is addressed to the sound discretion of the appellate court. Troeger v. Troeger, 127 Fla. 53, 172 So. 473; Phillips v. Phillips, 142 Fla. 270, 194 So. 786; Wright v. Wright, 142 Fla. 580, 195 So. 201.

The petition for an allowance of attorney fees for services rendered in this Court is denied and the decree appealed from is affirmed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.