Nathaniel T. Helman, J.
Defendant Jack Grossman married Kathleen Lawhon in the State of California on October 25,1945. The marriage was of brief duration and on November 16, 1945 Grossman was served with papers in an action for divorce brought in the California courts. Apparently, on the assumption that his failure to respond to the complaint would automatically result in a decree of divorce, Grossman defaulted, but took no further steps to determine whether a decree had been entered. On the 8th day of June, 1949, in the City of Genoa, Italy, Grossman married the present plaintiff Eileen E. Gross-man. They subsequently established a domicile within the State of New York and continued to reside there as husband and wife. In July of 1956 a letter was received at their home enclosing documents in an action for annulment of the 1945 marriage brought by Kathleen Grossman in California on grounds of fraud and misrepresentation. On referring the matter to his attorney, Grossman was advised that under the provisions of section 583 of the California Code of Civil Procedure, failure to diligently pursue the original divorce action by appropriate proceedings within five years from its commencement, invalidated the action. Thereupon, Grossman appeared in the original divorce action by filing a consent to its dismissal. He further filed a notice of appearance in the annulment proceeding so as *741 to effectively join Kathleen in the nullification of the 1945 marriage. A decree of annulment was thereupon entered in the State of California on the 2d day of November, 1956.
Plaintiff and defendant continued to live together as husband and wife until some time in the year 1960 when differences between them caused a separation. Eileen Grossman has now brought the pending action for a separation. In his answer, Grossman counterclaims for an annulment asserting that under the provisions of section 6 of the Domestic Relations Law his marriage to Eileen was null and void from its inception upon the ground that on the date of the 1949 marriage he had another wife living.
As a result of various applications at ¡Special Term there was referred to this court a series of framed issues to be tried before a jury. These involved generally some of the proceedings heretofore mentioned and in addition sought answers to questions relating to the alleged willful concealment by Jack Grossman of his first marriage in his relationships to the plaintiff and to others connected with the solemnization of the second marriage. In summary, the jury has resolved all of the latter issues favorably to the plaintiff, Eileen Grossman. In order to avoid duplication of testimony in separate trials the parties then stipulated that all issues relating to defendant’s counterclaim for annulment, not embraced by the findings of the jury, be resolved by the Trial Judge without a jury.
In response to Grossman’s present charge that his marriage to plaintiff is void under the Domestic Relations Law it is urged by the plaintiff that the annulment decree obtained by Kathleen in November of 1956 rendered the first marriage void ab initio and of no force and effect for any purpose. It is therefore claimed that defendant cannot successfully maintain in the present proceeding that he had a spouse living on June 8, 1949 when he married the plaintiff.
Whether a marriage is rendered void ab initio is ordinarily determined by the law of the State where it is celebrated (Van Wyk v. Realty Traders, 215 App. Div. 254). It is perhaps fortunate that in this aspect the laws of California and New York both as to the appropriate statutes and their interpretation by the courts are largely similar. In both States distinctions are made between void and voidable marriages and the public policy of each recognizes that bigamous marriages and incestuous marriages fall into the category of void marriages. It is true that some of the California cases have treated voidable marriages in the same manner as void marriages where special circumstances have been presented. Thus, in Folsom v. Pearsall *742 (245 F. 2d 562, 565) it was said “ By California law an annulment of a marriage means that no valid marriage ever existed, even though the marriage be only voidable.” It is in apparent reliance on these decisions that plaintiff has sought to employ one of the fictions of the law, namely, the doctrine of “ relation back ’ ’ to declare the Kathleen marriage void from its very beginning. That doctrine has been advanced both in California and New York in almost identical terms. In California it was recently observed that: ‘ ‘ This doctrine of ‘ relation back ’ to declare the marriage void from the beginning is not applied by the California courts in every instance. ‘ The test for determining the applicability of the doctrine as applied to voidable marriages is whether it effects a result which conforms to the sanctions of sound policy and justice as between the immediate parties thereto, their property rights acquired during that marriage and the rights of their offspring.’ ” (Sefton v. Sefton, 45 Cal. 2d 872, 875; see, also, Folsom v. Pearsall, 245 F. 2d 562, 565.)
In New York, on the other hand, a modification of the “ relation back ” rule as announced in the case of Sleicher v. Sleicher (251 N. Y. 366) was adopted by the Court of Appeals in Gaines v. Jacobsen (308 N. Y. 218, 225) where the court said: “ The fiction that annulment effaces a marriage ‘ as if it had never been ’ is sometimes given effect and sometimes ignored, as the ‘ purposes of justice ’ are deemed to require. The courts and the legislature have, accordingly, attached to annulled marriages, for certain purposes, the same significance that a valid marriage would have, when a more desirable result is thereby achieved.”
It is to be noted that the opinion of Mr. Justice Fold in the Gaines case (supra) gave consideration to a previous determination of the Appellate Division in McCullen v. McCullen (162 App. Div. 599) strongly relied on by defendant. In that ease, on facts almost identical with those in the case at bar, the court held that notwithstanding the entry of a later annulment decree, the husband need merely allege and prove the former marriage and that the former spouse was living at the time of the marriage to the plaintiff. In its reference to the McCullen decision, the Court of Appeals said in the Gaines case (p. 225): “ Thus, although a distinction is sometimes made between void and voidable marriages, the annulled marriage has been given sufficient vitality to constitute valid consideration for a gift in contemplation of the marriage (see American Sur. Co. v. Conner, 251 N. Y. 1); to malee a remarriage by one of the parties during its continuance bigamous (see McCullen v. McCullen, 162 App. *743 Div. 599); and, by statute in this state, to legitimatize any children born of the union”. (Emphasis supplied.)
The words ‘ ‘ ab initio ’ ’ and words of similar import have never been applied by the California or the New York courts as a means of eradicating the fact of the marriage itself nor of any record connected with the solemnization of the marriage. It would be unrealistic to hold that by applying the ‘ ‘ relation back ” doctrine a finding could be made that the first marriage was never celebrated, nor that Kathleen was not living on June 8, 1949. The very annulment proceeding of 1956 upon which plaintiff must rely establishes those factual matters and they have been so found by the jury.
Consideration must, of course, be given to the fact that the first marriage was neither bigamous, nor one prohibited by reason of consanguinity or affinity, so as to render it a nullity without a decree. It is to be noted that in approaching this question the court in the McCullen case (supra, p. 601) said: “If the annulment of the defendant’s former marriage had been upon the ground that it was absolutely void, and not merely voidable, the decree could be sustained, for where a marriage is void, although the Legislature has authorized the court in the interest of the public to enter a formal decree declaring it void, it is void without any decree of the court, and forms no obstacle to the right of either party to marry again.”
Nor can plaintiff receive any comfort from the findings of concealment and misrepresentation by the jury since both the California and New York courts have held that neither estoppel nor quasi estoppel can be applied to deny relief to the defendant.
Section 80 of the California Civil Code authorizes the institution of an annulment action by either party to an incestuous or void marriage. That statute has been interpreted as authorizing the commencement of such a proceeding, notwithstanding the culpability or misconduct of the plaintiff. The “ clean hands ” doctrine has been held insufficient as a defense (Sullivan v. Sullivan, 219 Cal. 734). In our own State the case of Landsman v. Landsman (302 N. Y. 45, 48) is authority for the holding that proceedings to nullify a marriage void under the provisions of section 6 of the Domestic Relations Law give “ neither scope for recrimination nor room for any counteractive estoppel”. (See, also, Sophian v. Sophian, 279 App. Div. 651.)
There remains the final question whether the circumstances of this case call for the application of the discretion of the court to assist the plaintiff in her present dilemma under the provisions of sections 236 and 237 of the Domestic Relations Law. The Gaines decision, and Johnson v. Johnson (295 N. Y. 477) *744 made clear that former section 1140-a of the Civil Practice Act (now Domestic Relations Law, § 236) was enacted to provide relief to a plaintiff in circumstances such as here disclosed.
The Report of the Law Revision Commission (N. Y. Legis. Doc., 1940, No. 65H) emphasizes that the purpose of the enactment of former section 1140-a of the Civil Practice Act (now Domestic Relations Law, § 236) was to sustain a right of support to the innocent wife married to a bigamous husband. The statute as now drawn is applicable to both void and voidable marriages.
In view of the findings of the jury concerning the concealment by defendant of his prior marriage, the defendant will not be permitted to avoid the financial responsibilities which he undertook by his marriage (Johnson v. Johnson, 295 N. Y. 477, supra).
Accordingly, and pursuant to the provisions of sections 236 and 237 of the Domestic Relations Law, a hearing will be held before this court on November 15,1963 at 2:00 p.m. in Room 705 of this court, at which defendant will appear together with all of his books, records and accounts relating to his income, assets and property for the years 1960 to 1963 inclusive. 'Suitable award will thereupon be made to the plaintiff for her support together with reasonable counsel fees for her attorney. Defendant is entitled to judgment on his counterclaim nullifying the marriage of the parties. Plaintiff’s action for separation will be dismissed.
Upon the conclusion of the hearing of November 15,1963, findings of fact and conclusions of law embodying all of the above shall be submitted to the court together with a judgment. In the meantime and pending the further order of the court plaintiff is to receive alimony in the amount fixed by the prior orders of this court.
Decision on the motions of both parties made returnable in Trial Term, Part Y on September 26, 1963, will be held in abeyance pending the hearing on November 15, 1963.