164 So.2d 536 (1964)
William B. DAWSON, also known as William B. Dawson, Sr., Appellant,
v.
Irene Cameron DAWSON, Appellee.
No. E-432.
District Court of Appeal of Florida. First District.
May 28, 1964.
*537 Albert Datz and Carl D. Dawson, Jacksonville, for appellant.
Arthur T. Boone and William C. Guthrie, Jr., Jacksonville, for appellee.
STURGIS, Chief Judge.
The plaintiff (appellee), Irene Cameron Dawson, claiming as wife of William B. Dawson, the defendant (appellant), brought this suit under Section 65.09, Florida Statutes, F.S.A., for alimony unconnected with divorce. The defendant's answer alleged, inter alia, that the parties were not married to each other and on that basis resisted liability. The chancellor entered a final decree finding (1) that the parties were not lawfully married, (2) that defendant is estopped to raise said defense against plaintiff's claim, (3) that the defendant was guilty of extreme cruelty to plaintiff, who had no income or assets of significance other than an undivided one-half interest in a home jointly owned by the parties, and (4) that appellant had capital assets exceeding $600,000 and an income of $625 per month; and thereupon awarded appellee $300 per month support money, the use of the jointly-owned home and its furnishings, and a fee of $3,000 to be paid by appellant to appellee for the services of her attorney in the proceeding, $200 of which had been previously paid. The decree provided that the remaining $2,800 should be paid at the rate of $100 per month.
After entry of final decree plaintiff moved for suit costs to be taxed against defendant. The court denied the motion on the *538 ground that it had lost jurisdiction of the cause.
The defendant presents and argues the following critical points of law for determination on this appeal: (1) Whether he is estopped to assert in defense of the action his prior existing marriage and resulting incapacity to contract the alleged marriage upon which plaintiff's claim is based. (2) In view of the fact that it was decreed that the parties are not married to each other, was it proper to award an attorney's fee to be paid by defendant for the services of plaintiff's attorney in said proceeding?
The plaintiff cross-assigned error and argues (1) that the chancellor erred in denying her motion to tax the costs against the defendant, and (2) erred in ordering that the $2,800 unpaid balance of her attorney's fee be discharged at the rate of $100 per month.
It would serve no useful purpose to labor at length the facts developed in this cause. Suffice it to say there is ample evidence to support the trial court's conclusion that "The parties are not married to each other." It pertinently reflects that plaintiff accompanied defendant to Mexico with knowledge of his specific intent to procure a Mexican decree of divorce from his lawful wife, the mother of his six children, who was then an inmate of the State Hospital at Chattahoochee, Florida; that defendant led her to believe that such was accomplished; that the parties promptly thereafter engaged in a Mexican marriage ceremony; and that they lived together in this state and in all respects held themselves out as married persons over a period of approximately eight years following said Mexican excursion. These circumstances, however, do not operate to erase the salient fact that their relationship was meretricious from the beginning and that they were both guilty of bad faith in flaunting the laws of Florida by resorting to a spurious divorce and falsely parading as husband and wife. On one or more occasions long prior to this suit the validity of plaintiff's purported marriage to defendant was directly brought in question and to her attention by persons including the appellant, but she took no steps to have the subject adjudicated.
The estoppel invoked by the chancellor against the defendant-appellant and forming the basis for the decree appealed necessarily depends upon equitable considerations or statutory provisions other than the facts hereinabove set out. We are cited to no authority and our independent research reveals none to the effect that alimony unconnected with divorce under Section 65.09, Florida Statutes, F.S.A.,[1] may be awarded to any person other than a lawful wife; and the power to grant technical alimony (funds for support and maintenance) unconnected with divorce exists exclusively by operation of the statute.
Coppersmith v. Coppersmith, 127 So.2d 711 (Fla.App. 1961), was an action by a divorced former wife for alimony unconnected with divorce under F.S. § 65.09, F.S.A. The complaint alleged that the defendant was guilty of desertion and charged that he had obtained a divorce from the plaintiff in another state. Defendant moved to dismiss the complaint on the ground that it failed to state a cause of action. The motion was denied and on appeal the Second District Court of Appeal reversed, holding that the plaintiff by alleging the foreign divorce and not questioning its validity admitted that the marital status of the parties *539 had been severed; that such divorce operated to bar plaintiff's action under said statute. See Tenny v. Tenny, 147 Fla. 672, 3 So.2d 375 (1941); Marsicano v. Marsicano, 79 Fla. 278, 84 So. 156 (1920). We perceive no distinction in law or material fact between a situation where the divorced former wife seeks from her former husband alimony unconnected with divorce and one where, as in this case, a putative wife seeks such relief. Here, as in the Tenny case, alimony unconnected with divorce is not available because at the time suit was filed the parties did not bear the marital relation.
The instant case is clearly distinguishable on the facts from Astor v. Astor, 107 So.2d 201 (Fla.App.3rd, 1958), cer. den. Fla., 120 So.2d 176. In that case the putative husband sued to annul his purported marriage to the defendant, Dolores Fullman, on the ground that a divorce procured by him in Mexico from his preceding wife, Gertrude, was declared by a New York court to be invalid and that his purported marriage to Dolores, which followed the Mexican divorce, was therefore invalid. It appears, however, that prior to the New York decree Dolores had filed suit in Florida against him for alimony unconnected with divorce. In that proceeding he counterclaimed for divorce on the ground of extreme cruelty and also for annulment of the marriage on the ground that the Mexican divorce from Gertrude was invalid. The circuit court dismissed the counterclaim for annulment, holding that since he sought and procured the Mexican divorce and took advantage of it by remarrying, he was estopped to question the validity thereof. The circuit court dismissed his counterclaim for divorce because he failed to prove that he was a bona fide resident of this state, and further held that the proofs did not sustain his charge of extreme cruelty. The circuit court thereupon awarded alimony to Dolores who appealed to the Florida Supreme Court on the ground that the award was insufficient. Astor did not cross-appeal. That court granted a substantial increase in alimony and otherwise affirmed the decree. See Astor v. Astor, 89 So.2d 645 (Fla. 1956). He then sued Gertrude and Dolores in New York, seeking a declaratory judgment determining, in the light of said Florida and New York decisions, which of these women was his lawful wife, and also seeking an adjudication that his Mexican divorce was void and relief from the effect of the Florida separate maintenance decree. The New York court rejected that suit on the ground, among others, that Dolores' separate maintenance decree was res judicata; and it is in the light of the foregoing facts that the Third District Court of Appeal, in the first mentioned but later independent suit of the putative husband against Dolores for annulment of the Mexican marriage (Astor v. Astor, 107 So.2d 201), affirmed the circuit court's dismissal of that suit, basing its conclusion, as did the New York court in the suit for declaratory judgment, on principles of res judicata resulting from Dolores' suit for separate maintenance and the counterclaim therein for divorce and annulment. The principles of res judicata as there invoked are inapplicable to the case on review because it is seen that in the prior suit of Astor's putative wife for alimony unconnected with divorce, Astor's counterclaim for divorce and annulment was denied and such ruling became final in the light of his failure to cross-assign error on the appeal taken by Dolores which resulted in an increase of alimony, whereas in the instant case the putative husband, appellant William B. Dawson, at the outset of this suit, which for the first time brought on for adjudication the question of the validity of the Mexican divorce and marriage upon which the appellee bases her right to alimony unconnected with divorce, did challenge the same and on this appeal has assigned error to the award of alimony on the ground that no lawful marriage exists.
It is evident that the chancellor worked an estoppel against the defendant-appellant in the light of his finding that defendant *540 was guilty of extreme cruelty to plaintiff, that plaintiff had no income or assets of significance except an undivided one-half interest in a home jointly owned by the parties, and that defendant had capital assets in excess of $600,000 and an income of $625 per month. These humane considerations, however commendable, are legally insufficient to support the claim of an unwed female for alimony, whether on the ground that her paramour is guilty of extreme cruelty to her or because she is a comparatively destitute person. Indeed, the state of the law is such that the appellant would have been well advised to "beware the ides of March" before venturing upon a "midsummer night's dream" at a spot "south of the border, down Mexico way."
In Miami Shores Village v. Wm. N. Brockway Post No. 124 of American Legion, 156 Fla. 673, 24 So.2d 33 (1945), the Florida Supreme Court refused to apply the doctrine of equitable estoppel where the parties "acted while red flags were flying". In this case they were hoisted all about the place. Good faith is not to be presumed on the part of a mature woman who, as in the instant case, enters into a marriage with a man whom she knows to have been recently married to a living spouse, who has no evidence of a lawful divorce having been granted, and who is aware of a surreptitious attempt on the part of the prospective husband to shake off the bonds of his prior marriage by a cooked-up Mexican decree of divorce. In pari delicto potior est conditio defendentis. It was error to award alimony to appellee under the circumstances of this case.
We turn to the question of whether it was error to allow plaintiff-appellee a fee to be paid by appellant for the services of her attorney in the court below. In Todd v. Todd, 151 Fla. 134, 9 So.2d 279 (1942), our supreme court dealt with a suit for divorce wherein the complaint showed that defendant, while a married man, contracted a marriage with plaintiff and that she later learned for the first time of his prior marriage to a living wife. The trial court denied temporary alimony and counsel fees because the complaint was based upon ground 9 of Section 4983, C.G.L., i.e.: "That either party had a husband or wife living at the time of the marriage sought to be annulled." (F.S. § 65.04 [9], F.S.A.) Adams, J., speaking for the supreme court in reversing said:
"Inasmuch as the legislature made paragraph nine a ground for divorce it expressly recognized that the ceremony possessed some requisites of a marital status. And, too, we know of no constitutional restrictions to prevent the legislature from placing the financial burden on the one who creates the unfortunate situation, even though there be no marriage in law. He, who may be guilty, is in poor grace to confess his wrongdoing and say a court of equity is powerless to require him to bear the burden of restoring the former status."
The rationale there expressed applies with equal force to the facts in this case and was followed by the supreme court in Young v. Young, 97 So.2d 470 (Fla. 1957), in which Thornal, J., said:
"We have several times held that even though a marriage is void in its inception it is to the best interests and good order of society that the invalidity of the marriage be adjudicated by a court of competent jurisdiction. Kuehmsted v. Turnwall, 103 Fla. 1180, 138 So. 775; Jones v. Jones, 119 Fla. 824, 161 So. 836, 104 A.L.R. 1."
* * * * * *
"* * * a court of chancery, independently of statute and as an incident to chancery jurisdiction, has the power to make and enter appropriate orders allowing counsel fees to the wife. Prine v. Prine, 36 Fla. 676, 18 So. 781, 34 L.R.A. 87; Ball v. Ball, 160 Fla. 601, 36 So.2d 172; Courtney v. Courtney, 108 Fla. 276, 146 So. 229."
*541 The rule there announced is hereby extended to a suit for alimony unconnected with divorce under F.S. § 65.09, F.S.A., in which it is initially determined that the marriage is invalid. There is no less purposefulness to such an adjudication in a suit under that statute than with a suit for divorce under F.S. § 65.04(9), F.S.A., against a putative husband for divorce or annulment on the ground that he was married to a prior living spouse. In Young the court also said:
"* * * in a divorce action by an innocent wife when she is met by a counterclaim of her putative husband announcing the invalidity of the `marriage' because of the existence of a prior living spouse, the wife is entitled to recover reasonable attorney's fees for the services of her attorney to the date of the final decree. This rule assumes of course the presence of other elements such as the necessities of the wife and the husband's ability to pay. Under such circumstances the innocent `wife' should not be required to bear this financial burden. Any other rule would ignore the traditional concept of equity that a man should not be permitted to profit or benefit by his own wrong."
The instant decree appealed conclusively indicates that the chancellor was convinced of the necessity of the appellee to have the services of an attorney and of the ability of appellant to pay for same. Also inherent therein is the premise that the equities of the cause are such as to place that burden upon appellant rather than appellee. We hold that it was proper to award an attorney's fee herein for the services of plaintiff-appellee's attorney in the lower court. It is also evident that the provision of the decree providing for payment in installments of the balance of the attorney's fee allowed was based on the assumption that alimony as allowed was proper to be paid, and thus took into account the amount of monthly income of the appellant which might equitably be diverted to the purposes of the decree. In view of our conclusion on the subject of the alimony award, the trial court should be afforded an opportunity to reconsider the question of the method of payment of the fee awarded.
On the question of taxation of costs, as raised by appellee's cross-assignment of error, it is within the sound discretion of the chancellor to assess costs in equity proceedings. In denying appellee's motion to tax costs, the chancellor correctly held that it was tardily presented and that the trial court had lost jurisdiction in the premises. Failure of appellee to timely seek taxation of costs and the fact that the decree does not make any reference thereto raises the inference that the costs incurred by the respective parties are to be borne by them, respectively. We find no reason to disturb that implication of the decree.
The decree appealed is reversed in part and affirmed in part as herein announced and this cause is remanded for further proceedings consistent herewith.
WIGGINTON and CARROLL, DONALD K., JJ., concur.
NOTES
[1] Section 65.09, Florida Statutes, F.S.A., provides:

"Alimony unconnected with divorce.  If any of the causes of divorce set forth in § 65.04 shall exist in favor of the wife, and she be living apart from her husband, she may obtain alimony without seeking a divorce upon bill filed and suit prosecuted as in other chancery causes; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; but no alimony shall be granted to an adulterous wife."