629 So.2d 176 (1993)
Preston KINDLE, Appellant,
v.
Kikeu KINDLE, Appellee.
No. 92-2618.
District Court of Appeal of Florida, Fifth District.
October 22, 1993.
Rehearing Denied January 5, 1994.
Sam E. Murrell, Law offices of Sam E. Murrell, Orlando, for appellant.
Peter Cushing, Orlando, for appellee.
RAINWATER, T.B., Associate Judge.
The parties to this action were married to one another on August 10, 1972, just over twenty years prior to the final judgment entered herein by the trial court. At the time of the purported marriage, the appellant/husband was already married. The appellee/wife was not aware of this fact and, therefore, was an innocent victim of the husband's *177 wrongdoing. The trial judge awarded the wife permanent alimony and entered a final judgment of annulment.
The husband argues that alimony may only be awarded in connection with an action for dissolution of marriage. If we were to accept the husband's argument, he would, in essence, be rewarded for his wrongdoing.
The Florida Supreme Court addressed this issue in Burger v. Burger, 166 So.2d 433, 436 (Fla. 1964): "When a wife is an innocent victim of the husband's wrong, then the court may allow permanent alimony and attorneys' fees on equitable principles as well as under Section 65.08, Florida Statutes... ." [emphasis added]. Husband argues that Burger does not apply because Florida's divorce statute at that time provided grounds which included: "(9) That either party had a husband or wife living at the time of the marriage sought to be annulled." Section 65.04(9), Florida Statutes (1963).
In Burger, the supreme court clearly stated that alimony could be awarded on "equitable principles as well as" the Florida Statutes. It would be grossly inequitable to deny alimony to a putative wife of a twenty-year marriage because the husband fraudulently entered into a marriage ceremony.
The judgment awarding permanent alimony is AFFIRMED.
GRIFFIN, J., concurs.
THOMPSON, J., dissents, with opinion.
THOMPSON, Judge, dissenting.
I respectfully dissent.
This court in its opinion establishes that permanent alimony is appropriate upon the granting of an annulment. I disagree. This decision is in derogation of the Florida Statutes and Florida case law. Further, this court's reliance upon Burger v. Burger, 166 So.2d 433 (Fla. 1964) is misplaced.
In Burger, a man and a woman, each married to someone else, sought to marry each other. They obtained a Mexican mail-order divorce and a Mexican proxy marriage. They began to cohabit together and conceived and raised four children. Eventually, when the wife sought to "divorce" the husband, she filed under then existing Florida law using section 65.04(9), Florida Statutes (1963), as the basis for their "divorce." This statute, as the court has written above, allowed for a divorce under the conditions that today would be considered an annulment for bigamy. The supreme court held that the trial court had jurisdiction over several matters: the parties, the subject matter, the jointly acquired property and child support. The court also held that the wife was not an innocent party and therefore not entitled to permanent alimony; only suit money pendente lite. The court also said if the wife had been an innocent victim of her husband's wrong, the court could have granted her alimony and suit money. The court's ruling was based solely upon the existence of the statute allowing bigamy as grounds for "divorce." The court wrote:
Our holdings here regarding alimony and suit money are exceptions to the general rule that ordinarily to support these allowances, it is necessary to prove the existence of a valid marriage. However, the exceptions we have announced are supportable on equitable principles as well as by a literal application of the Florida Statutes in view of the fact that the Legislature has recognized as a ground for "divorce" the very element which invalidates the marriage at its inception.
Id. at 436-437. But for the existence of the statutory authority allowing bigamy as a ground for "divorce," the court wrote, it would not have allowed permanent alimony and suit money.
In the case sub judice, the putative wife stipulated to the entry of the final order annulling marriage after she filed a counter-petition for dissolution of marriage. She did not contest to the trial court, nor does she contest now, that the marriage was void ab initio. An obligation to pay alimony flows from a valid marriage. Groover v. Groover, 383 So.2d 280 (Fla. 5th DCA 1980). Alimony is a creation of statute since it was unknown at common law. If there is no statute that allows bigamy as a basis for "divorce," there can be no basis in law for permanent alimony. Therry v. Therry, 117 Fla. 453, 158 So. *178 120 (Fla. 1934); Titcomb v. Titcomb, 160 Fla. 320, 34 So.2d 742 (Fla. 1948).
Florida law has evolved and changed since the decision in the Burger case. The current law does not allow bigamy as a basis for a dissolution (divorce). Section 61.052, Florida Statutes (1991), allows dissolution of marriage for only two reasons: (1) where the marriage is irretrievably broken or (2) where one of the parties is mentally incapacitated. Bigamy is not listed as a ground for dissolution of marriage. Alimony is provided for either party under Florida law, but only "in a proceeding for dissolution of marriage." Florida Statutes, section 61.08 (1991). Because the statute has changed since the Burger case, there is no statutory basis for alimony for an annulment regardless of the fault or innocence of one or both of the parties. Obviously, the Florida legislature could have addressed the issue by amending the Florida Statutes to allow bigamy as a ground for dissolution of marriage and as a basis for the award of permanent alimony. Some legislatures have authorized courts to make allowances for permanent alimony in annulment cases. See DeMedio v. DeMedio, 215 Pa.Super. 255, 257 A.2d 290 (1969); Grossman v. Grossman, 40 Misc.2d 739, 243 N.Y.S.2d 578 (1963). Florida could have done likewise, but has elected not to.
I would affirm the final order annulling marriage, but I would reverse the award of permanent alimony.