630 So.2d 626 (1994)
Daniel Craig JARRELL, Appellant/Cross-Appellee,
v.
Diane JARRELL, Appellee/Cross-Appellant.
No. 92-1963.
District Court of Appeal of Florida, Fourth District.
January 5, 1994.
Rehearing Denied February 16, 1994.
Guy Spiegelman and Valerie Dondero, Miami, for appellant/cross-appellee.
Cathy L. Kamber of Renick, Singer, Kamber, Fleck & Fischer, Lake Worth, for appellee/cross-appellant.
PER CURIAM.
This is an appeal and cross-appeal of a final judgment awarding custody of a minor child to the mother and awarding the mother child support, "equitable alimony" and attorneys' fees. We affirm in part and reverse in part.
The father complains that the trial court did not have subject matter jurisdiction to award alimony because the marriage was not a valid one, due to the fact that the husband had not finalized his divorce from his fourth wife before entering into the marriage with appellee. We affirm, holding that the trial court has jurisdiction to award equitable alimony. See Burger v. Burger, 166 So.2d 433 (Fla. 1964); Kindle v. Kindle, 629 So.2d 176 (Fla. 5th DCA 1993).[1]
We reverse the final judgment with respect to child support. The trial court determined *627 that appellant's monthly income represented 87% of the parties' combined income and appellee's the remaining 13%. Based upon the combined total income the trial court found that the guideline support amount was $1,036. The trial court then ordered appellant to pay the entire amount in child support. Calculated properly, appellant's share should have been 87% or $901.32. We expect that this was merely a clerical error on the part of the trial judge, because section 61.30(9), Florida Statutes (1991) provides that "Each parent's actual dollar share of the child support need shall be determined by multiplying the minimum child support need by each parent's percentage share." While the statute permits the court to adjust the share of either or both parents' share of the support, the findings of the trial court explained why he was not reducing the relative positions of the parties. Therefore, there were no findings or justification for the burden to be placed entirely on the father. We remand for correction of the amount of child support to be paid.
On cross-appeal the appellee/cross-appellant claims it was error for the court not to order the appellant to maintain medical insurance and life insurance for the benefit of the child. With respect to medical insurance, section 61.13(1)(b) provides that each order for child support shall contain a provision for health insurance for the minor child when insurance is reasonably available. In this case, such insurance was not only available but the appellant agreed to continue it. However, with respect to life insurance, section 61.13(1)(c), Florida Statutes, provides that the trial court may order the obligor to maintain life insurance to secure the support obligation. Such an award is discretionary, and we do not see an abuse of discretion in the trial court refusing to require the life insurance under the circumstances of this case, even where the father indicated a "desire" to continue it for his child. See Mitchell v. Mitchell, 477 So.2d 2 (Fla. 5th DCA 1985). On remand the trial court should amend the final judgment to include a provision for medical insurance.
We affirm as to the remaining issues on the appeal and cross-appeal.
Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.
DELL, C.J., and STONE and WARNER, JJ., concur.
NOTES
[1] The trial court awarded lump sum alimony in an amount equal to the money appellee put into the marriage. We note that appellant in this appeal does not challenge the form of the alimony award or claim that it was not alimony but a property division.