648 So.2d 317 (1995)
Kathleen GILVARY, Appellant,
v.
Joseph GILVARY, Appellee.
No. 94-1022.
District Court of Appeal of Florida, Third District.
January 11, 1995.
*318 Roberta S. Fine, Key West, for appellant.
Paul Morris, Robbins Tunkey, Ross, Amsel, & Raben, P.A., and Alan S. Ross, Miami, for appellee.
Before BASKIN, JORGENSON and GERSTEN, JJ.
JORGENSON, Judge.
Kathleen Gilvary appeals from a nonfinal order denying her petition for temporary support and attorney's fees in an action for annulment. For the following reasons, we reverse.
In 1975, Kathleen and Joseph Gilvary were married in Kentucky. They obtained a marriage license, participated in a religious marriage ceremony, and filed a marriage certificate. In 1984, Kathleen learned that Joseph had never obtained a divorce from his first wife. Based in part on Joseph's continuing promises that he would divorce his first wife and then legally marry Kathleen, Kathleen remained with him and entered into substantial business dealings with him.[1] In 1992, Joseph obtained a divorce from his first wife but then abandoned Kathleen.
Kathleen filed a Petition for Dissolution of Marriage in December, 1993, seeking to end the marriage to Joseph, partition their property, and impose a constructive trust on certain holdings. Kathleen also sought temporary support and attorney's fees. Joseph filed a verified motion to strike the count for dissolution, averring that there was no marriage to dissolve, as he had never been legally married to Kathleen. Kathleen then filed an Amended Petition for Annulment, seeking annulment and disposition of the parties' assets. She also filed an emergency motion for temporary relief, including alimony and attorney's fees. The trial court denied her motion and ruled that Kathleen, by the very terms of her pleading, had failed to make a prima facie showing of a valid marriage.[2] The court reasoned that temporary support and fees could only be awarded within the context of a dissolution proceeding pursuant to Chapter 61, Florida Statutes, and that the action for annulment was not a Chapter 61 proceeding. The trial court further found that Kathleen could not be accorded the status of an innocent spouse as she had learned that her marriage was not valid, yet had done nothing for nine years.
The trial court correctly noted that there is no statutory basis for an award of temporary support and attorney's fees in an action for annulment. A trial court's jurisdiction over an annulment proceeding stems not from any statutory provision, but from its equitable chancery jurisdiction. See generally, 25A Fla.Jur.2d Family Law § 512 (1992) ("[I]t is clear that the circuit courts, as courts of chancery, have jurisdiction to declare the nullity of a void marriage or to decree that a voidable marriage is annulled.").
Although there is no statutory basis for such an award, the power to order such relief exists "independent of statute, as an incident to the jurisdiction of the courts." Prine v. Prine, 36 Fla. 676, 682, 18 So. 781, 783 (1895). The exercise of such jurisdiction "has been held to be essential to the proper and impartial administration of justice." Courtney v. Courtney, 108 Fla. 276, 277, 146 So. 229, 229 (1933). In Courtney, the Florida Supreme Court held that in an action brought for annulment, "when the fact of the marriage is prima facie established, and the husband has the means wherewith to live and to litigate, and the wife is destitute, the husband must furnish the wife with subsistence while the suit is pending, and to enable her to maintain her defense." Id. In this case, Kathleen was an innocent victim of Joseph's bigamy and deception at the time of the putative marriage, and is entitled to an equitable award of temporary support. Cf. Burger v. Burger, 166 So.2d 433, 436 (Fla. 1964) (even where the putative wife was responsible for invalidity of union, "she would still be entitled to temporary alimony and suit money to enable her to defend herself or otherwise participate in the litigation"); see generally R.P. Davis, Annotation, Cohabitation of Persons Ceremonially Married After *319 Learning of Facts Negativing Dissolution of Previous Marriage of One, as Affecting Right to Annulment, 4 A.L.R.2d 542 (1949).
In sum, we hold that a trial court has the equitable jurisdiction to award temporary support and attorney's fees to a putative wife seeking an annulment, when at the time of the putative marriage, she was not aware that the husband was already legally married.[3] Our opinion should not be read to recognize a right to permanent support outside the confines of a Chapter 61 proceeding,[4] nor should it be read to invite "thinly veiled plea[s] for palimony." Evans v. Wall, 542 So.2d 1055, 1058 (Fla. 3d DCA 1989) (Jorgenson, J., dissenting).
Reversed and remanded for further proceedings.
NOTES
[1] No children were born to Joseph and Kathleen.
[2] Kathleen's claims relating to the parties' property and finances remain pending below.
[3] Of course, on remand Kathleen will have to demonstrate both her need for, and Joseph's ability to pay, the support and fees requested.
[4] See, e.g., Jarrell v. Jarrell, 630 So.2d 626 (Fla. 4th DCA 1994) (trial court had jurisdiction to award "equitable alimony" even though marriage was not valid); Kindle v. Kindle, 629 So.2d 176 (Fla. 5th DCA 1993) (putative wife entitled to award of permanent alimony following annulment, where husband did not disclose that he was already married). Contra Dawson v. Dawson, 164 So.2d 536, 539 (Fla. 1st DCA 1964) (alimony unconnected with divorce not available because at time suit filed, "parties did not bear the marital relation.").