CARROLL, Judge.
Gladys L. Whitfield sued C. W. Whitfield for divorce. She alleged a common law marriage of nine years duration; that two children born of the marriage, aged seven and six years, were in her custody; that the parties owned a residence as tenants by the entireties; that the defendant had been guilty of certain alleged acts of cruelty; a need for alimony and support, and that the defendant was employed; and she prayed for divorce, alimony and child support.
The defendant moved to dismiss the complaint for failure to state a cause of action. As shown by recitations in the subsequent order dismissing the cause with prejudice, evidence was presented at the hearing on the motion to dismiss that both parties were married previously and that neither appeared to have been divorced. Such facts were not alleged or shown on the face of the complaint or in any defensive pleadings.
The plaintiff has appealed from the order of dismissal, and contends (1) that on the hearing on the motion to dismiss *258 the court should not have taken testimony on matters of affirmative defense, and (2) that on the evidence adduced, as disclosed on the order of dismissal, the complaint should not have been dismissed. We find merit in both contentions, and reverse the dismissal order.
The inquiry on the hearing on motion to dismiss should have been confined to the facts alleged in the complaint. Kathleen Citrus Land Co. v. City of Lake-land, 124 Fla. 659, 169 So. 356; Rudman v. Baine, Fla.App.1961, 133 So.2d 760. Affirmative defenses should be pleaded in answer to a complaint, and are not properly presented for trial on a hearing on motion to dismiss. Hough v. Menses, Fla. 1957, 95 So.2d 410; Stone v. Stone, Fla.App.1957, 97 So.2d 352; Fletcher v. Williams, Fla. App.1963, 153 So.2d 759. Moreover, even if the parties were lacking in capacity to contract a marriage, having lived together and produced offspring the mother was entitled to seek child support. The complaint set forth facts upon which relief could be granted, for child support and for resolution of the rights of the parties as tenants in common of the residence property which they had purported to acquire as tenants by the entireties. See Burger v. Burger, Fla.App.1963, 156 So.2d 905; Higgins v. Higgins, Fla.App. 1962, 146 So.2d 122.
Appellant’s motion for attorney fees is denied. This is done without prejudice to the plaintiff-appellant to apply therefor to the chancellor, if the chancellor determines that a marital status exists between the parties upon which to base her right to attorney fees; and jurisdiction to include an allowance of such fees for services in this court is hereby granted to the circuit court.
For the reasons stated the order of dismissal is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.