### CALDWELL v. CALDWELL.

No. 63-2323-E.

Circuit Court, Duval County.

August 11, 1964.

192

Wayne E. Ripley, Jacksonville, for plaintiff.

Ernest D. Jackson, Sr., Jacksonville, for defendant.

FRANK H. ELMORE, Circuit Judge.

*Memorandum opinion and order amending final decree*: Final decree of divorce was entered on July 7, 1964. The decree declared that the child "born during the marriage" was not the lawful child of the plaintiff and that he was not obligated for its support. To this extent, the decree is in error. The defendant has timely moved to set aside or modify the final decree. The parties have filed written memoranda and have presented oral arguments. This is the chronology —

(1) Plaintiff and defendant obtained a license to marry and went through a marriage ceremony either on August 7, 1962 (his testimony) or September 2, 1962 (her testimony).

(2) The parties separated on March 7, 1963.

(3) The defendant was delivered of a child which was named Raymond Augustus Caldwell on September 2, 1963.

(4) The plaintiff filed a complaint for divorce on May 8, 1963 charging that the defendant at the time of their marriage had a living husband from whom she had never been divorced.

(5) The evidence is uncontradicted that the defendant at the time she went through a ceremony of marriage with the plaintiff was the wife of Willie Ben Riley, by whom she has a child, and that she is still his wife.

(6) The plaintiff set forth as a possible sire of the child born on September 2, 1963, a man who had fathered several of the defendant's children. The defendant denied that such a serpent had entered the Eden of her "marriage" to the plaintiff. She swore that the plaintiff was the father of the child bearing his name.

> "And if she did play false, the fault was hers;
>   Which fault lies on the hazard of all husbands
> That marry wives."
> Shakespeare,
> *King John*, Act I,
> Scene 1.

This court has jurisdiction over the parties and the subject matter and under section 65.04(9), Florida Statutes, has the power to grant the divorce. The court also has the power to dispose of matters relating to the custody and maintenance of the child. As the legislature has recognized as a ground for "divorce" the very element which invalidates the marriage at its inception

it has expressly recognized that the ceremony may possess some requisites of the marital status. In the case of Burger v. Burger, in the Supreme Court of Florida, opinion filed July 13, 1964, 166 So.2d 433, the court held —

"In a proceeding pursuant to section 65.04(9), supra, the chancellor also has the power to resolve problems incident to the custody and maintenance of children born of the 'marriage'. Todd v. Todd, 151 Fla. 131, 9 So.2d 279; Whitfield v. Whitfield, Fla. App., 161 So.2d 256. Such children are innocent victims of the situation. They should not be deprived of the right to be supported merely because the parents have created the invalidating circumstances. The chancellor, therefore, ruled correctly in awarding a sum for the maintenance of the children. He also had the jurisdiction to dispose of the matter of custody as he did."

Public policy and common sense both demand that even children of a bigamous marriage be supported by their father. That the husband may have been innocent of knowledge of the impediment (disputed here) is not controlling. The plaintiff had access to the defendant when this child was conceived, which time was after the so-called marriage ceremony. The evidence creates the inference that the plaintiff is the father of the child. The case was put thus by Shakespeare, *ibid*: Philip states to King John that he supposes himself to be the eldest son and heir of Sir Robert. This is disputed by his younger brother, Robert, who claims that his brother, although born in wedlock, was begotten by Richard the Lionheart, is therefore a bastard and cannot inherit. Robert says —

"Shall then my father's will be of no force,
To dispossess that child which is not his?"

Philip, the child whose legitimacy is questioned, replies with great cogency —

"Of no more force to dispossess me, sir,
Than was his will to get me, as I think."

The plaintiff had the will and the opportunity to "get" this child. He may not be allowed to dispossess him. Equity will not turn a deaf ear to a plea for his support.

In *Burger* the Supreme Court held that although the chancellor was in error in granting other than temporary fees to the wife's attorneys he should re-examine entitlement to a fee for services in recovering support money for her children. This would appear to authorize such an allowance in this case.

Because of the error first above recited, the defendant's motion is granted, the final decree entered herein on July 7, 1964 is vacated and there is entered the following —

*Amended final decree*

Based upon the pleadings and the evidence, it is upon consideration, ordered, adjudged and decreed —

1. He having proved the material allegations of his complaint, the equities are with the plaintiff, Augustus Caldwell, and against the defendant, Paula Nell Caldwell, a/k/a Paula Nell Riley.

2. The plaintiff is granted a divorce from the defendant, and the parties are divorced each from the other, a vinculo matrimonii. The marriage between the parties is declared void *ab initio*, upon the statutory ground that the defendant had a husband living at the time of the marriage hereby annulled.

3. The defendant shall have the care, custody and control of the minor child of the parties, Raymond Augustus Caldwell, and the plaintiff shall have reasonable visitation privileges.

4. The plaintiff is obligated for the support of that child and shall pay to the defendant through the domestic relations depository of the office of the clerk of the circuit court in and for Duval County, Room 105, Duval County Courthouse, Jacksonville, together with the 1% collection charge thereon, the sum of $7 each week, commencing on Friday, the 14th day of August, 1964 and thereafter on Friday of each succeeding week.

5. The plaintiff shall pay the defendant's attorney of record, Ernest D. Jackson, Sr., the sum of $50, which is hereby awarded as a reasonable attorney's fee for his services herein in recovering support money for the minor child.