PER CURIAM.
By this appeal, Douglas E. Staples, plaintiff below, [hereafter Staples], seeks review of an order on motions to dismiss and final decree, which dismissed his second amended complaint on the following grounds: “1. Plaintiff’s Second Amended Complaint is in violation of Section 731.-101 Florida Statutes [F.S.A.]. 2. By estoppel, for the reason that the plaintiff seeks to have the Final Decree of Divorce set aside even though he has accepted certain benefits from the decree and wherein he admits to an allegation of fraud that was perpetrated upon this Court to which he was a party.”
The second amended complaint filed by Staples sought reformation, rescission, cancellation, injunction, general relief and complete equity between the parties. The material allegations stated, inter alia, that *584 Staples, a real estate broker, and his deceased wife, Monica M. Staples, had accumulated assets valued at approximately $400,000.00 over a period of years. The appellee, Battisti, an attorney, and his law partner had for several years handled all legal matters, both business and personal, for Staples and his wife. Battisti and his wife were close social friends of the Staples. When marital difficulties occurred between the Staples, they went to their attorney and friend, Battisti, for advice, guidance and the preparation of whatever instruments and papers were necessary to carry into effect an agreement between them.
The complaint further alleged that their understanding and agreement was that Staples’ wife was to have control and security of the family assets, except working capital for the plaintiff’s business, for the rest of her life, whether she divorced Staples or not, whether she remarried, or any other possible contingency within the control of the parties, to the end that she would never in her lifetime want for anything. She could do whatever she liked, have a substantial income, and would know and have complete confidence that her husband would always take care of her handsomely, no matter what happened.
To accomplish this purpose, Battisti prepared an agreement and property settlement, along with deeds and other instruments, including a will which the wife executed and delivered to Staples, leaving her entire estate to him. Staples claims that Battisti assured them that everyone was fully protected and expressly represented that the will executed by the wife was Staples’ protection against her dying before he did, because he would then get all of the property back again, and there was no risk in putting everything in her name alone. The property settlement agreement was executed in a hospital, where Staples’ wife was undergoing treatment at the time.
The complaint further alleged that approximately three weeks thereafter, Bat-tisti obtained a final decree of divorce for the wife against Staples, which incorporated the agreement and property settlement. Five days after the divorce decree, either Battisti or his law partner executed a new will for the wife, expressly revoking all prior wills, wherein the various properties of Staples were willed to others, among them an apartment house to comparative strangers, and another apartment house with the value of approximately $90,-000.00 to Battisti’s wife, one of the defendants. Monica Staples died thirteen days thereafter, an apparent suicide. On the following day, Battisti filed this second will for probate.
Staples claims that Battisti was bound to know that the will would become void in the event of a divorce,[1] and that he was under an obligation and duty to his client to so inform him, which was not done. The complaint alleged further that by reason of and as a direct proximate result of the fraud and deceit of Battisti, he has been deprived of his property, plus the loss of the use and income therefrom.
It is important to remember that at this stage of the proceeding we are only concerned with the sufficiency of a complaint to state a cause of action and that a motion to dismiss admits all well pleaded allegations of the complaint for the purpose of the motion.
In 10 Fla.Jur. Dismissal, etc. § 17, it is stated:
******
“If a complaint states any ground for equitable relief, it should of course not be dismissed for want of equity. This is true though the complaint may be subject to compulsory amendment and to a motion for a more definite statement because of indefiniteness, though particular paragraphs therein may be insufficient or unfounded, and notwithstanding that the *585 complainant may not be entitled under the allegations to the relief specifically prayed for. And where the allegations of a complaint do not wholly fail to state an equity for some relief on sufficient proofs within the scope of the allegations, the complaint should stand with leave to amend later if necessary to meet the proofs, so that equity may be done in the premises. * * * ”
* * * * *
In oral argument Staples states that he is not seeking to validate the pre-divorce will or void the post-divorce will, but instead seeks to impress a trust on the property or proceeds obtained under the last will by reason of the breach of a confidential relationship existing between himself, his deceased ex-wife, and their attorney. The complaint did not specifically pray for the establishment of a constructive trust, but did pray for general relief.
It is stated in 33 Fla.Jur. Trusts § 61:
“A constructive trust is a trust arising by operation of law against one who, by actual or constructive fraud, by duress or abuse of confidence, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience has acquired the legal right to property he ought not, under equitable principles, hold and enjoy. If a person obtains the legal title to property by such torts or acts or circumstances of circumvention, imposition, or fraud, or if he obtains it by virtue of a confidential relation and influence, under such circumstances that he ought not, in good conscience, to have the beneficial interest thereof, courts of equity will raise a trust by construction out of the circumstances. Such trusts differ from other trusts in that they are not within the intention or contemplation of the parties at the time of the transaction giving rise thereto.
“A beneficiary under a constructive trust is entitled to be restored to his original possession and to be re-establishedl in his title, if he has lost it.”
The language of Justice Terrell in Quinn v. Phipps, 1927, 93 Fla. 805, 113 So. 419, 54 A.L.R. 1173, is appropriate on a construe' tive trust:
******
“Stripped of all embellishing verbiage, it may be confidently asserted that every instance in which a confidential or fiduciary relation in fact is shown to exist will be interpreted as such. The relation and duties involved need not be legal; they may be moral, social, domestic or personal. If a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief. The origin of the confidence is immaterial.”
******
The appellees assert many defenses on appeal to sustain the order of dismissal, including the doctrines of estoppel, waiver, statute of frauds, res judicata, and violation of Sections 731.101 and 731.051, Florida Statutes, F. S. A. They further claim no abuse of confidential relationship, no fraud, and allege the inability of a court of equity to trace the property concerned into an estate.
These are affirmative defenses that should be pleaded in the answer to the complaint and may not be asserted as grounds for motion to dismiss the complaint, even though availability may appear on the face of the complaint. Rules 1.8(d) and 1.11(b) Florida Rules of Civil Procedure, 30 F.S.A.; Whitfield v. Whitfield, Fla.App. 1964, 161 So.2d 256; Carson v. City of Fort Lauderdale, Fla.App.1963, 155 So.2d 620.
It may be that Staples will not be able to prove his cause of action, or that the appellees will be able to prove their af- *586 firmatlve defenses at trial. We must assume at this stage of the proceedings that the allegations of the complaint are true, inasmuch as no answer had been filed; only a motion to dismiss for failure to state a cause of action. It is premature for us to speculate on the sufficiency of the proof of Staples’ cause. It is our holding that there is sufficient equity in the complaint to withstand the motion to dismiss.
The cause is therefore reversed and remanded with instructions to permit the filing of such amendments to the complaint .and other responsive pleadings as may he necessary to more fully determine the issues -sought to be raised. ”
Reversed and remanded.

. Section 731.101, Florida Statutes, F.S.A.