Charles **W. BATTISTI**, Appellant,

v.

**CONTINENTAL CASUALTY COMPANY**, Appellee.

No. 26030.

United States Court of Appeals
Fifth Circuit.

Jan. 31, 1969.

Rehearing Denied March 10, 1969.

Ainslee R. Ferdie, Coral Gables, Fla., for appellant.

William M. Hoeveler, Knight, Underwood, Peters, Hoeveler & Pickle, Miami, Fla., for appellee.

Before THORNBERRY and AINSWORTH, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

Presented here is a diversity case which was removed to the District Court for the Southern District of Florida. Appellant, a lawyer, seeks recovery from appellee, Continental Casualty Company (Continental), on a Lawyer's Professional Liability Policy, alleging that Continental is liable for attorney's fees incurred by reason of its refusal to defend Battisti in a civil action against him and others that he claims was insured by the policy.

The history of the State Court litigation from which this action for failure to defend arose is found in Staples v. Battisti, Fla.App.1966, 191 So.2d 583, cert. den. 196 So.2d 926. There, one Douglas B. Staples sued Battisti, seeking various forms of relief caused by an "over-all fraudulent scheme" designed by Battisti to deprive Staples of his property. In his complaint and amended complaint, Staples alleged the following facts:

A man of considerable means, Staples and his wife, Monica M. Staples, had been long-time close social friends of Battisti and his wife, and Battisti had for some time been the Staples attorney, both in personal and legal matters. Thus when marital problems arose between the Stapleses, they turned to Battisti for guidance.

Allegedly, an understanding was reached between the Stapleses. Staples's wife was to have control and security of the family assets, except working capital from her husband's business, for the remainder of her life, whether she divorced Staples or not, whether she remarried, or any other possible contingency within the control of the parties, unto the end that she would be established income-wise for life. Thus she could do whatever she liked, having substantial income, and knowing, regardless of what happened, her husband would always take care of her handsomely.

To accomplish this purpose, Battisti prepared an agreement and property settlement, along with deeds and other instruments, including a will executed and delivered by Monica Staples, in which she devised her entire estate to her husband. Staples alleged that Battisti assured him that everyone was fully protected and expressly represented that the will executed by his wife was Staples's protection against her dying before he did, because he would get back all of the property again, and there was

no risk in putting everything in her name alone. *At no time did Battisti mention to Staples that, under Florida law, the will would become void upon divorce.*[1]

It was further alleged that about three weeks thereafter, Battisti obtained a final decree of divorce for the wife against Staples, which decree incorporated the Agreement and Property Settlement. Only five days after the decree was entered, either Battisti or his law partner prepared a new will for the wife, which she executed, wherein the various properties of the Staples estate were willed to others. For example, an apartment house was willed to comparative strangers, and another apartment house, valued at approximately $90,000, to Battisti's wife. Battisti was named as executor. Monica Staples died thirteen days thereafter, an apparent suicide. On the following day, Battisti filed the second will for probate.

In his original complaint, Staples sought recision and cancellation of the "Agreement and Property Settlement," with an alternative prayer for modification and reformation of the instrument to conform to the intent of the parties. In an amendment to the complaint, Staples sought the additional remedy of damages against Battisti and the other defendants. Battisti filed a motion to dismiss on the ground of failure to state a cause of action, which was granted by the State District Court, but reversed by the State Court of Appeals, which held "there is sufficient equity in the complaint to withstand the motion to dismiss." Staples v. Battisti, *supra,* 191 So.2d at 586. The majority concluded that Staples's complaint sought only to impress upon the disputed property a constructive trust and that it alleged the necessary fraud and deceit by Battisti.

One member of the panel, concurring in part and dissenting in part, agreed that the complaint stated a cause of action sufficient to withstand a motion to dismiss, but concluded that it should be remanded for trial on the law side of the Court rather than for equitable relief in the nature of a constructive trust.

The suit was settled later by the parties.

From the beginning, Continental refused to defend Battisti in the State Court litigation. The first ground for refusal was the absence of a prayer for damages.[2] Later, when Staples amended his complaint to seek damages, Continental shifted its ground for refusal by asserting no duty to defend Battisti because the complaint alleged fraud and a provision of the policy expressly excluded coverage for suits alleging "any dishonest, fraudulent, criminal or malicious act or omission of the insured. * * * "

Thereafter Battisti filed this action in the Florida State Court in Dade County, seeking recovery from Continental on the "malpractice" policy for attorney's fees incurred by him and his partner-attorney in defending the State Court Staples v. Battisti action. Following removal to the District Court for the Southern District of Florida, Continental filed a motion to dismiss which was denied. Continental then filed an answer wherein it held to its defense that it had no duty to defend because the Staples complaint and amended complaint alleged action within the provision of the policy excluding coverage in suits involving "any dishonest, fraudulent, criminal or malicious act or omission of the insured. * * * "

Both parties then moved for summary judgment and Continental's motion was granted. Battisti filed motions for a new trial and rehearing, both of which were denied. Here Battisti appeals from the denial of those motions and the order granting Continental's motion.

---

1. F.S.A. Sec. 731.101.

2. The policy imposes on Continental the duty to defend only in suits "seeking damages."

The sole issue before this Court is whether the exclusion provision of the policy justified Continental's refusal to defend Battisti in the State Court Staples v. Battisti litigation. We hold that it did.

Battisti first contends that mere allegation of facts within the exclusion clause is not enough; that Continental must further show the allegations were true. This contention is wholly without merit because it overlooks the basic rule, well settled in Florida,[3] and generally in all jurisdictions, that:

> "An insurer's duty to defend an action against the insured is measured, in the first instance, by the *allegations in the plaintiff's pleadings*, and if such pleadings state facts bringing the injury within the coverage of the policy, the insurer must defend, irrespective of the insured's ultimate liability to the plaintiff." 7A Appleman, Insurance Law and Practice § 4683, at 436 (2d ed. 1962). (Emphasis added.) See also 50 A.L.R.2d 465–480 (1956).

This pleading rule is equally applicable whether the insurer is invoking a general liability provision, or, as h re, an exclusion provision. Appleman, *supra*, at 445 n. 37.

Battisti also relies on the rule' that if *some* of the acts of the insured were within the exclusion of the policy but *other acts* were outside of the exclusion, and if considered alone, the latter would compel coverage, then the insurer has a duty to defend. St. Paul Fire & Marine Co. v. Icard, etc., Fla.App. 1967, 196 So.2d 219. Battisti argues that certain of his alleged acts, as set forth in the Staples complaint, fall short of the culpability required in the exclusion clause. Such acts, he says, are more in the nature of negligence or malpractice, and thus within coverage of the policy. With this we definitely cannot agree.

A complete reading of the complaint and amended complaint, filed by Staples, leaves but one conclusion, that the pleading alleged facts of an over-all scheme by Battisti that was grossly "dishonest," "fraudulent," and "malicious."

Accordingly, the order of the trial court granting summary judgment is affirmed.

---

3. See, e. g., Bennett v. Fidelity & Casualty Co. of N. Y., Fla.App.1961, 132 So.2d 788; Consolidated Mutual Insurance Co. v. Ivy Liquors, Inc., Fla.App.1966, 185 So.2d 187.